METROPOLITAN COMMUNITY SERVICE, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Metropolitan Community Service, Inc. v. Commissioner
Docket No. 34084-86X.
United States Tax Court
T.C. Memo 1987-240; 1987 Tax Ct. Memo LEXIS 240; 53 T.C.M. (CCH) 810; T.C.M. (RIA) 87240; May 11, 1987. *240 R issued a final adverse determination letter to P denying the organization tax exempt status under section 501(c)(3). A petition postmarked on the 91st day was filed with the Court on the the 95th day after issuance of the adverse determination letter. Held, under section 7428, a petition in response to an adverse determination must be filed within 90 days to be considered timely. Held further, since the petition was filed beyond the 90th day after issuance of the adverse determination letter, R's Motion to Dismiss for Lack of Jurisdiction is granted. Oscar D. Heffner (an officer), for the petitioner. Judith M. Picken and Ronald B. Weinstock for the respondent. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special Trial Judge: Respondent's Motion to Dismiss for Lack of Jurisdiction, filed October 24, 1986, was assigned for hearing, consideration, and ruling, thereon. [1] *241 Respondent issued a final adverse determination letter to petitioner, on May 16, 1986. In the letter, dated and sent by certified mail on May 16, 1986, respondent determined that petitioner is not an organization exempt from taxation under section 501(c)(3). The petition was received and filed by the Court on Tuesday, August 19, 1986. [2] The envelope in which the petition was contained bears a U.S. Postal Service postmark of August 15, 1986, which date is 91 days after the date the determination letter was mailed. The 90th day after the determination letter was mailed was Thursday, August 14, 1986. Respondent moved to dismiss this case on the ground that the Court is without jurisdiction because the petition was not filed within the time prescribed by section 7428(b)(3). *242 Petitioner argues that the determination letter was not received until 18 days after it was sent by respondent; thus, the time for filing the petition should be extended by 18 days. Section 7428(b)(3) provides as follows: If the Secretary sends by certified or registered mail notice of his determination * * * to the organization * * * no proceeding may be initiated under this section by such organization unless the pleading is filed before the 91st day after the date of such mailing. We understand this provision to mean that the petition must be filed on or before the day immediately preceding the 91st day after the mailing of the notice. The day immediately preceding the 91st day is the 90th day. [3] Thus, in order for a petition filed under section 7428 to be timely, it must be filed on or before the 90th day after the notice is mailed. This reading of the statute is supported by the legislative history of section 7428. [4] *243 Section 7428(b)(3) is analogous to section 6213(a) in that section 6213(a) requires that a petition for redetermination of a deficiency be filed "within 90 days * * * after the notice of deficiency authorized by section 6212 is mailed." Therefore, in both sections 6213(a) and 7428(b)(3), "mailing" of the notice is the act or event that begins the running of the period during which a timely petition may be filed. In , modified , we stated that while the term mailed, as used in section 6213(a), may be imprecise, it is clear that the date of mailing is not the date that the notice is received by the taxpayer. ; . We held in Traxler, that for the purposes of certified or registered mail, the date of mailing is the date of the postmark stamped on the postal receipt for certified mail (Form 3877). Traxler v. Commissioner, *244 63 T.C. at 536. In the present case, respondent attached to his motion a copy of Form 3877 showing that the adverse determination letter was mailed to petitioner on May 16, 1986. Accordingly, we hold that the 90 day period for timely filing the petition began to run on May 16, 1986. Since the petition was not filed until the 91st day after the date of mailing of the notice, the petition is not timely. [5] *245 Since our jurisdiction is predicated upon timely filing, section 7428(b)(3); Rule 210(c)(3); cf. , we must grant respondent's Motion to Dismiss for Lack of Jurisdiction.
An appropriate order will be entered.
Footnotes
1. This case was assigned pursuant to section 7456 (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.
2. At the time of filing the petition herein, the principal office of petitioner was at St. Louis, Missouri.↩
3. The language in section 7428(b)(3) differs slightly from that in section 7476(b)(5). Cf. . ↩
4. The committee reports on Pub.L. 94-455 state that no petition under this provision may be filed more than 90 days after the date on which the service sends notice to the organization of its determination as to the status of the organization. H.Rept. 94-658, 1976-3 C.B. (Vol. 2) 701, 980; S.Rept. 94-938, 1976-3 C.B. (Vol. 3) 49, 628.
5. As a general matter, if a petition is received after the 90 day period has passed, the petition is deemed filed when mailed if the requirements of section 7502(a) are satisfied. Cf. . Section 7502(a)(2) provides that the postmark date must fall within the prescribed period for filing and the petition must be deposited in the mail in a properly addressed envelope. Since the envelope in which the petition was contained bears a United States Postal Service postmark, dated August 15, 1986 (the 91st day), petitioner may not rely upon the timely mailing timely filing provisions of section 7502(a). See .