ROBERT T. PAGE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Page v. Commissioner
Docket No. 5479-93
United States Tax Court
T.C. Memo 1994-180; 1994 Tax Ct. Memo LEXIS 180; 67 T.C.M. (CCH) 2743; April 25, 1994, Filed *180 An order of dismissal for lack of jurisdiction on the ground that the petition was not timely filed will be entered. For respondent: Brenda M. Fitzgerald. SCOTT SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Stanley J. Goldberg, pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Lack of Jurisdiction filed on April 15, 1993. Respondent seeks dismissal on the ground that the petition was untimely. Petitioner filed an objection on May 6, 1993, alleging that he mailed the petition in a timely manner before the expiration of the 90-day period for filing as *181 required by section 6213(a). The parties then filed responses. Respondent's motion was calendared for hearing at the trial session of the Court scheduled to commence in Portland, Oregon, on October 12, 1993. The resolution of the issue turns upon our determination of the date that the notice of deficiency was mailed by respondent. This, in turn, is dependent upon whether the date stamped on the envelope containing the notice of deficiency constitutes a postmark. When the motion was called for hearing in Portland, Oregon, on October 12, 1993, petitioner did not appear at the hearing on the motion. Respondent's counsel appeared and was heard. Terry Michael Wheeler (Mr. Wheeler) of the United States Postal Service testified on behalf of respondent. Petitioner resided in Eugene, Oregon, when he filed his petition. Respondent determined a deficiency in petitioner's Federal income tax for taxable year 1990 in the amount of $ 8,818, and additions to tax under sections 6651(a)(1) and 6654 in the amounts of $ 1,297 and $ 314.77, respectively. It is well established that to maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. Sec. *182 6213; ; ; . A petition for redetermination of a deficiency must be filed with this Court within 90 days (or 150 days if the notice is addressed to a person outside the United States) after the notice of deficiency is mailed to a taxpayer. Sec. 6213(a). The time provided for filing of a petition is jurisdictional and cannot be extended. Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction. However, a petition received and filed outside the prescribed period will be deemed to have been timely filed if it was timely mailed to the Court. Sec. 7502; ; ; . The burden of proving that this Court has jurisdiction is upon petitioner. ; *183 . The notice of deficiency is dated December 9, 1992. However, the envelope containing the notice of deficiency bears a date of December 13, 1992. Respondent contends that the notice was mailed to petitioner by certified mail from Ogden, Utah, on December 9, 1992. Thus, respondent argues that the 90-day period for timely filing a petition with this Court expired on Tuesday, March 9, 1993, which day was not a legal holiday in the District of Columbia. Respondent produced a certified mail list (Form 3624) [2] upon which petitioner's name and address appear under the heading, "STATUTORY NOTICES OF DEFICIENCY FOR THE YEAR(S) INDICATED HAVE BEEN SENT TO THE FOLLOWING TAXPAYERS". The Form 3624 contains a round date stamp showing the date December 9, 1992. Respondent's motion is supported by the affidavit of Patricia Earley, an employee of the United States Postal Service in Ogden, Utah, who declared that she signed the Form 3624 upon which petitioner's name and address appear, and affixed the round date stamp to the form on December 9, 1992. We therefore find that the notice of deficiency was *184 deposited with the United States Postal Service on December 9, 1992. The petition was received by U.S. mail and filed by the Clerk of the Court on March 16, 1993, 97 days after the mailing of the notice of deficiency. The envelope in which the petition was mailed bears a postage-meter stamp dated March 11, 1993, which is the date petitioner maintains his petition was mailed to the Court by certified mail. This date is 92 days after the mailing of the notice of deficiency. In arguing that his petition was timely mailed, petitioner relies upon a date which appears on the face of the envelope in which the notice of deficiency was mailed, which petitioner contends is a postmark. The date printed on the envelope is December *185 13, 1992. Respondent's witness, Mr. Wheeler, examined the envelope in question. He is employed by the United States Postal Service, where for the last 10 years his primary duty, as he described it, has been to "interpret and make sure the domestic mail manual procedures are followed." Mr. Wheeler explained to the Court the origin of the line date printed on the envelope, which reads: "Eugene OR 974 12/13/92 01:2X". [3] According to Mr. Wheeler, this information was printed on the envelope by a machine described as an optical character reader at the time the address on the envelope was read by the machine in Eugene, Oregon. The optical character reader prints the location, date, and time that it reads the address as part of an internal control system of the postal service. Information printed on an item of mail by an optical character reader is used by the United States Postal Service for internal purposes: for instance, to track the time required to move mail from one point to another, and to gauge the accuracy of the optical character reader. Mr. Wheeler further testified that the line date printed by the optical character reader is not a postmark as that term is defined in the *186 United States Postal Service Domestic Mail Manual. The facts of this case are similar to those presented in , modified , and . In each of those cases, the envelope in which the notice of deficiency was mailed to the taxpayer bore no postmark as defined by postal regulations, but did bear two line date stamps, which we found were postal administrative control markings rather than postmarks. We have held that such markings are not postmarks and thus do not determine the date of mailing of the notice of deficiency for purposes of section 6213(a). ; On this record we find that the line date printed on the envelope in which the notice of deficiency *187 was mailed to petitioner is not a postmark. Further, we find that the envelope in which the notice of deficiency was mailed to petitioner does not contain a postmark. Since there is no postmark on the envelope which contained the notice of deficiency, the date of the mailing of the notice for purposes of section 6213 is the date on which the Internal Revenue Service deposited the notice with the Post Office. . That date, December 9, 1992, is evidenced by the date stamped on the receipt for certified mail (Form 3624) by the postal employee, Patricia Earley. We conclude that the petition was mailed more than 90 days after the date the notice of deficiency was mailed and is untimely. Therefore, we have no jurisdiction over the case. [4] Respondent's Motion to Dismiss for Lack of Jurisdiction will be granted. *188 An order of dismissal for lack of jurisdiction on the ground that the petition was not timely filed will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The certified mail list, Treasury Department Form 3624, performs the same function as United States Postal Service Form 3877, also known as "firm mailing books", for mailings of more than three letters at one time by certified mail. See sec. 912.45, U.S. Postal Service Domestic Mail Manual.↩
3. The "X" represents an undecipherable numeral.↩
4. This decision does not have the effect of depriving petitioner of his right to contest respondent's determination, for he can bring a refund suit in District Court or the Court of Federal Claims; it simply denies him the privilege of contesting the determination in the Tax Court. See ; .↩