T.C. Memo. 1997-14


UNITED STATES TAX COURT


ROBERT T. LUNDY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13677-96.                    Filed January 8, 1997.


Eric W. Lundy, Rita A. Cavanagh, and Gerald A. Kafka,[1] for
petitioner.

John R. Mikalchus and Jordan S. Musen, for respondent.


MEMORANDUM OPINION


DAWSON, Judge: This case was assigned to Chief Special

Trial Judge Peter J. Panuthos pursuant to the provisions of

_____

[1] Attorneys Cavanagh and Kafka filed an entry of appearance
in this case on September 16, 1996, after respondent's motion to
dismiss for lack of jurisdiction was filed.

section 7443A(b)(4) and Rules 180, 181, and 183.[2]  The Court

agrees with and adopts the opinion of the Special Trial Judge,

which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This matter is before

the Court on respondent's Motion to Dismiss for Lack of

Jurisdiction.  The issue for decision is whether petitioner filed

his petition for redetermination with the Court within the 90-day

period prescribed in section 6213(a).

Background

The material facts in this case are not in dispute.

On Friday, March 29, 1996, respondent mailed a notice of

deficiency to petitioner determining deficiencies in his Federal

income taxes in the amounts of $13,349, $21,445, $18,646, and

$19,165 for the taxable years 1991, 1992, 1993, and 1994,

respectively.  The date that the notice of deficiency was mailed

to petitioner is evidenced by the postmark on the postal receipt

for certified mail (U.S. Postal Service Form 3877) that

respondent obtained at the time the notice of deficiency was

mailed.  Petitioner received the notice of deficiency on

Saturday, March 30, 1996, as reflected on the domestic return

receipt (U.S. Postal Service Form 3811) signed by petitioner at

---

[2]  All section references are to the Internal Revenue Code
in effect for the years in issue, unless otherwise indicated.
All Rule references are to the Tax Court Rules of Practice and
Procedure.

the time the notice was delivered.  Although the notice of deficiency was mailed on March 29, <u>1996</u>, the cover page of the notice of deficiency is incorrectly dated March 29, <u>1997</u>.

The notice of deficiency states in pertinent part:

> If you want to contest this deficiency in court before making any payment, you have 90 days from the above mailing date of this letter * * * to file a petition with the United States Tax Court for a redetermination of the deficiency. * * *

Petitioner did not retain the envelope containing the notice of deficiency.  There is no evidence in the record whether the envelope containing the notice of deficiency bore a postmark.

Based upon the actual date of mailing, the 90-day period prescribed in section 6213(a) for filing a timely petition with the Court expired on Thursday, June 27, 1996, a day that was not a legal holiday in the District of Columbia.

The petition was hand-delivered to the Court on Friday, June 28, 1996.  The petition is dated June 28, 1996, and is signed by petitioner's counsel, Eric W. Lundy.  At the time the petition was filed, petitioner resided at West Friendship, Maryland.

As indicated, respondent filed a Motion to Dismiss for Lack of Jurisdiction asserting that the case should be dismissed on the ground that the petition was not timely filed under section 6213(a).  Petitioner filed an objection to respondent's motion arguing that, due to the erroneous date of mailing on the notice of deficiency, the 90-day period prescribed in section 6213(a) for filing a petition with the Court should be computed from

Saturday, March 30, 1996, the date that petitioner actually received the notice of deficiency.

This case was called for hearing in Washington, D.C., at the Court's motions session. Counsel for both parties appeared at the hearing and presented argument on the pending motion.

Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address." Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a notice of deficiency is mailed to the taxpayer's last known address, actual receipt of the notice is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52. The taxpayer, in turn, has 90 days from the date the notice of deficiency is mailed (150 days if the

notice is mailed to a taxpayer outside of the United States) to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a); Estate of Moffat v. Commissioner, 46 T.C. 499, 501 (1966).

There is no dispute that respondent mailed the notice of deficiency to petitioner on March 29, 1996. If the 90-day period for filing a petition with the Court is computed from the date that respondent actually placed the notice of deficiency in the mail, we would be compelled to dismiss this case for lack of jurisdiction on the ground that the petition was hand-delivered to the Court and filed 91 days after this date. The question to be resolved in this case, however, is whether the erroneous date appearing on the notice of deficiency (March 29, 1997, rather than March 29, 1996) provides a basis for computing the 90-day period from March 30, 1996--the date that petitioner actually received the notice of deficiency.

Section 6213(a) provides in pertinent part:

> (a) Time For Filing Petition and Restriction On Assessment.--Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed * * *, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *

We have held that the date of mailing for purposes of computing the 90-day filing period prescribed under section 6213(a) generally is the date that the Commissioner actually places the notice of deficiency in the mail. See Traxler v. Commissioner,

61 T.C. 97, 99 (1973), modified 63 T.C. 534 (1975); <u>Southern California Loan Association v. Commissioner</u>, 4 B.T.A. 223, 226 (1926); <u>Hurst, Anthony & Watkins v. Commissioner</u>, 1 B.T.A. 26, 27 (1924). Under normal circumstances, the Commissioner can establish the date that a notice of deficiency is mailed by relying on the postmark on U.S. Postal Service Form 3877. See <u>Coleman v. Commissioner</u>, 94 T.C. 82, 90-91 (1990); <u>Magazine v. Commissioner</u>, 89 T.C. 321, 324 (1987); <u>Meader v. Commissioner</u>, T.C. Memo. 1982-288.

In extraordinary circumstances, we have recognized exceptions to the general rule that the date of mailing is the date that the Commissioner actually places the notice of deficiency in the mail. One of the more comprehensive discussions of the subject is set forth in our original opinion in <u>Traxler v. Commissioner</u>, <u>supra</u>.

In <u>Traxler</u>, the taxpayers received a notice of deficiency dated March 29, 1973, in an envelope that was date stamped March 31, 1973. The taxpayers mailed their petition to the Court 91 days after the date appearing on the notice of deficiency but 89 days after the date stamp appearing on the envelope bearing the notice of deficiency. The Commissioner moved to dismiss the petition for lack of jurisdiction on the ground that it was not timely filed. The taxpayers objected to the Commissioner's motion asserting that the date of mailing for purposes of section

6213(a) should be the date stamped on the envelope in which the notice of deficiency was mailed.

In attempting to define the term "is mailed" appearing in section 6213(a), we first observed that:

> The term itself is not precise, and the legislative history shows only that such date is not the date of actual receipt by the taxpayer.  See Seidman's Legislative History of Federal Income Tax Laws (1938-1861) p.759; United Telephone Co., 1 B.T.A. 450 (1925). [Traxler v. Commissioner, 61 T.C. at 98-99.]

See Metropolitan Community Service, Inc. v. Commissioner, T.C. Memo. 1987-240.

In the absence of a statutory definition of the term "is mailed", we focused on three dates that arguably could apply for purposes of computing the 90-day filing period:  (1) The date appearing on the notice of deficiency; (2) the date that the Commissioner delivered the notice of deficiency to the U.S. Postal Service; and (3) the date of the postmark (if any) appearing on the envelope bearing the notice of deficiency. Traxler v. Commissioner, 61 T.C. at 99.  Consistent with cases such as Southern California Loan Association v. Commissioner, supra, and Hurst, Anthony & Watkins v. Commissioner, supra, we immediately eliminated from consideration the date appearing on the notice of deficiency.  We reasoned that "it seems best not to make taxpayers dependent on the efficiency of the Internal Revenue Service [in dating the notice of deficiency]".  Traxler v. Commissioner, 61 T.C. at 99.

Turning our attention to the two remaining possibilities, the date of actual mailing and the date stamped on the envelope bearing the notice of deficiency, we observed:

> Certainly in everyday parlance a postmark date is regarded as the date of mailing. Normally if one is asked when a letter "is mailed," he will look to the postmark. That is obviously what the petitioners did in this case. They saw the date "Mar. 31, 1973" on the envelope. The best evidence of the postmark date is the postmark itself. Without it, the next best evidence is the Commissioner's receipt for certified mail. This will not place any additional burden on the Internal Revenue Service. If its receipt for certified mail shows that more than 90 days has passed, the normal challenge to jurisdiction will be forthcoming. Only in cases where the postmark carries a later date can the petitioner successfully resist. In no case will the Commissioner's certified mail procedure need to be changed. [Id. at 100.]

Based upon the assumption that the date stamp appearing on the envelope bearing the notice of deficiency constituted a postmark, we concluded that the taxpayers could reasonably have relied on that date in computing the 90-day period for filing their petition. Because the petition was mailed within 90 days of March 31, 1973, we denied the Commissioner's motion to dismiss for lack of jurisdiction.[3]  To the same effect, see Sandor v. Commissioner, T.C. Memo. 1992-643; Bill Wright Toyota, Inc. v. Commissioner, T.C. Memo. 1992-344.

---

[3]  However, in Traxler v. Commissioner, 63 T.C. 534 (1975), we modified our earlier opinion, 61 T.C. 97 (1973), and granted the Commissioner's motion to dismiss for lack of jurisdiction, in light of evidence demonstrating that the date stamp in question was a postal administrative control marking as opposed to a postmark. See also Page v. Commissioner, T.C. Memo. 1994-180; Toppin v. Commissioner, T.C. Memo. 1976-154.

Notwithstanding the statement in <u>Traxler v. Commissioner</u>, <u>supra</u>, to the contrary, we also have had occasion to hold that the date appearing on the notice of deficiency is the date of mailing for purposes of section 6213(a). In particular, in both <u>Loyd v. Commissioner</u>, T.C. Memo. 1984-172, and <u>Jones v. Commissioner</u>, T.C. Memo. 1984-171, the Commissioner placed the notices of deficiency in the mail 3 days prior to the date appearing on the notices of deficiency. The petitions were mailed to the Court within 90 days of the date appearing on the notices of deficiency but more than 90 days after the date that the notices were actually mailed.

In denying the Commissioner's motions to dismiss for lack of jurisdiction in <u>Loyd v. Commissioner</u>, <u>supra</u>, and <u>Jones v. Commissioner</u>, <u>supra</u>, we concluded that the taxpayers (or their counsel) had reasonably relied upon the erroneous date appearing on the notices of deficiency as the date of mailing. Consequently, to avoid frustrating the statutory provisions designed to afford taxpayers an opportunity for prepayment review of the Commissioner's deficiency determinations, we decided to treat the notices of deficiency as if they were mailed on the date appearing on the notices.[4]

---

[4] But cf. <u>Meader v. Commissioner</u>, T.C. Memo. 1982-288 (the date of mailing is the date appearing on U.S. Postal Service Form 3877 notwithstanding that the taxpayers may reasonably have misread the date of mailing appearing on the notice of deficiency).

We conclude our survey of the case law in this area with a brief mention of the line of cases involving undated notices of deficiency. See Hurst, Anthony & Watkins v. Commissioner, 1 B.T.A. 26 (1924); and Casqueira v. Commissioner, T.C. Memo. 1981-428. We have uniformly analyzed these cases by applying the normal rule that the date of mailing is the date that the notice of deficiency is actually placed in the mail. Cf. Donoghue v. Commissioner, T.C. Memo. 1977-276 (90-day period computed from actual date of mailing where notice of deficiency was actually mailed March 18, 1976, but erroneously dated March 18, 1975).

Respondent contends that the date that the notice of deficiency was actually mailed in this case is controlling for purposes of computing the 90-day period for filing a petition with the Court, and that it was unreasonable for petitioner to rely on any other date in filing his petition. Relying on cases such as Loyd v. Commissioner, supra, and Jones v. Commissioner, supra, petitioner counters that it has been the Court's practice to permit a taxpayer to use the best date available under the circumstances in computing the 90-day period for filing a petition with the Court. Because the notice of deficiency that he received was incorrectly dated, petitioner contends that he should be permitted to rely on the date that he actually received the notice of deficiency (as the best date available to him) in computing the 90-day period for filing a petition with the Court.

Our survey of the case law in this area shows that the best evidence of the date of mailing of a notice of deficiency is the postmark, if there is one, on the envelope bearing the notice of deficiency.  See <u>Traxler v. Commissioner</u>, 61 T.C. at 99, modified 63 T.C. 534 (1975).  In the absence of such a postmark, the date of mailing of a notice of deficiency is the date that  the Commissioner places the notice of deficiency in the mail, although an exception may be made where the taxpayer has been misled or has reasonably relied to his detriment upon some later date appearing on the deficiency notice itself.  Petitioner does not contend that he was misled or that he reasonably relied upon another date of mailing.  To the contrary, petitioner asserts that, because of uncertainty as to the correct date of mailing, he was entitled to treat the date that he received the notice of deficiency as the date of mailing.  Unfortunately for petitioner, we have previously rejected the proposition that the date of mailing contemplated in section 6213(a) can be equated with the date that a taxpayer actually receives a notice of deficiency.  See <u>Traxler v. Commissioner</u>, 61 T.C. at 98-99.  We see no reason to abandon that position under the circumstances presented.[5]

---

[5]  Although the date that a taxpayer actually receives a notice of deficiency generally is not treated as the date of mailing under sec. 6213(a), some courts have used the date of actual receipt to begin the running of the 90-day period for timely filing a petition.  These situations did not involve a question of the date of mailing, but rather whether the Commissioner sent the notice to the taxpayer's last known

(continued...)

The notice of deficiency was delivered by the U.S. Postal Service to petitioner on Saturday, March 30, 1996.  Given that the date of delivery is known, it follows that the notice of deficiency must have been mailed at least one day prior to its delivery to, and receipt by, petitioner.   When petitioner received the notice of deficiency on March 30, 1996 (delivered by the U.S. Postal Service) it would have been unreasonable for him to assume a mailing date later than March 29, 1996, the date prior to delivery.  In fact, March 29, 1996, was the actual date of mailing, and petitioner has failed to allege or show that the envelope containing the notice was not postmarked on that date. The date on the face of the notice, being a full year later than the date of mailing, was so patently the result of clerical error that petitioner makes no claim of detrimental reliance.  The fact that petitioner's counsel, Eric W. Lundy, did not sign and hand-deliver the petition to the Court until Friday June 28, 1996, 91 days after the mailing of the notice of deficiency, was not

_____

(...continued)
address.  See Gaw v. Commissioner, 45 F.3d 461, 468 (D.C. Cir. 1995), revg. T.C. Memo. 1993-379 (90-day filing period is computed from date taxpayers actually received notice of deficiency where the Commissioner failed to exercise due diligence in determining the taxpayers' correct address); Powell v. Commissioner, 958 F.2d 53, 57 (4th Cir. 1992) (90-day filing period is computed from date taxpayers actually received the Commissioner's final notice of intent to levy).  In both Gaw and Powell, the taxpayers did not receive the notice of deficiency in time to file a petition within 90 days of its mailing.  In the instant case, petitioner received the notice of deficiency the day after it was mailed.

attributable to the erroneous date on the notice as in <u>Loyd v. Commissioner</u>, <u>supra</u>, or <u>Jones v. Commissioner</u>, <u>supra</u>.

Accordingly, based on the particular circumstances of this case, we conclude that the 90-day period for filing a petition with the Court is computed from the actual mailing date of March 29, 1996.  Because the petition was not filed within 90 days of that date, we will grant respondent's motion to dismiss for lack of jurisdiction.[6]

To reflect the foregoing,

<u>An order will be entered</u>

<u>granting respondent's Motion to</u>

<u>Dismiss for Lack of Jurisdiction</u>.

---

[6]  Although petitioner cannot pursue his case in this Court, he is not without a remedy.  In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims.  See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).