T.C. Summary Opinion 2003-76


UNITED STATES TAX COURT


MARION WARREN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18558-02S.          Filed June 17, 2003.


Marion Warren, pro se.

<u>Nancy E. Hooten</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at the time that the petition was filed, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed within the time prescribed by section 6330(d) or section 7502. As explained below, we shall grant respondent's motion to dismiss.

Background

On Friday, October 18, 2002, the Internal Revenue Service Appeals Office in Atlanta, Georgia, issued to petitioner a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 regarding petitioner's Federal tax liabilities for 1988 and 1991. The notice of determination, which was dated Monday, October 21, 2002, was sent to petitioner by certified mail addressed to him at P.O. Box 692, Savannah, Georgia 31402 (the P.O. box address). Petitioner actually received the notice of determination no later than Monday, October 28, 2002.

At the time that respondent mailed the notice of determination, petitioner resided at 1437 Belaire Drive, Savannah, Georgia 31415 (the street address). Generally, petitioner used his P.O. box address, rather than his street address, for business purposes, including his dealings with the Internal Revenue Service. For example, on Form 12153, Request for a Collection Due Process Hearing, petitioner listed his address as the P.O. box address.

The notice of determination informed petitioner that if he wanted to dispute respondent's determination in court, then he must file a petition with this Court "within 30 days from the date of this letter."

On November 13, 2002, petitioner purchased a U.S. Postal Service Postal Money Order in the amount of $60. The Postal Money Order was payable to "United States Tax Court" and was purchased to pay the filing fee for commencing a lien or levy action in this Court. See Rule 331(c). Petitioner listed his address on the Postal Money Order as the P.O. box address.

On Friday, November 29, 2002, the Court received and filed a Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d). The petition, which is undated, arrived at the Court in a properly addressed envelope that identifies the P.O. box address as the return address.[2] Significantly, the envelope, which was mailed to the Court by U.S. Postal Service Express Mail, bears a legible postmark date of Wednesday, November 27, 2002.[3]

Shortly after this case was calendared for trial, respondent moved to dismiss the petition for lack of jurisdiction on the

---

[2] In contrast, petitioner used his street address on the petition itself.

[3] We note that Thursday, Nov. 28, 2002, was Thanksgiving Day, a legal holiday in the District of Columbia, see Rule 25(b), and that there was no mail delivery to the Court on that day.

ground that the petition was not timely filed.  Thereafter, respondent's motion was called for hearing at the Court's trial session in Atlanta, Georgia.  Counsel for respondent appeared at the hearing and offered argument in support of the motion to dismiss.  Petitioner appeared and argued against the motion.

Discussion

When the Appeals Office issues a notice of determination to a taxpayer following an administrative hearing regarding a final notice of intent to levy, section 6330(d)(1) provides that the taxpayer will have 30 days following the issuance of such notice to file a petition for review with the Tax Court or, if the Tax Court does not have jurisdiction over the underlying tax liability, with a Federal District Court.  See Offiler v. Commissioner, 114 T.C. 492, 498 (2000).  We have held that this Court's jurisdiction under sections 6320 and 6330 depends on the issuance of a valid determination letter and the filing of a timely petition for review.  See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, supra at 498; see also Rule 330(b).

Petitioner has not challenged the validity of the notice of determination.  We observe that the notice was mailed to the same address as that listed by petitioner on:  (1) His Request for a Collection Due Process Hearing, (2) his Postal Money Order used

to pay the filing fee, and (3) the envelope bearing the petition. Accordingly, it appears that the notice of determination was mailed to petitioner at his last known address.  See sec. 6330(a)(2)(C).  Regardless, petitioner actually received the notice of determination no later than Monday, October 28, 2002, which was sufficient time to file a timely petition with this Court, as evidenced by the fact that petitioner purchased the Postal Money Order on November 13, 2002.  Cf. Mulvania v. Commissioner, 81 T.C. 65, 67-68 (1983) (an erroneously addressed notice of deficiency is nevertheless valid if the taxpayer receives actual notice of the Commissioner's determination in a timely fashion; i.e., without prejudicial delay); Estate of Greenwood v. Commissioner, T.C. Memo. 2003-98 (same).  Therefore, under these circumstances, the sole issue for decision is whether the petition was timely filed.

The record in this case demonstrates that the petition was not filed within the 30-day period prescribed in section 6330(d)(1)(A).  Here we compute the 30-day period by reference to the date appearing on the notice of determination (Monday, October 21, 2002) rather than the earlier date on which the notice was deposited with the Postal Service (Friday, October 18, 2002).  See Loyd v. Commissioner, T.C. Memo. 1984-172 (date appearing on the notice of deficiency was the date of mailing for purposes of section 6213(a)); Jones v. Commissioner, T.C. Memo.

1984-171 (same); see also <u>Lundy v. Commissioner</u>, T.C. Memo. 1997-14, discussing the various possible dates that a deficiency notice might be deemed to be mailed.

Using Monday, October 21, 2002, as the date of mailing of the notice of determination, then the 30-day period for timely filing a petition with this Court expired on Wednesday, November 20, 2002, which date was not a legal holiday in the District of Columbia. However, the petition was not received and filed by the Court until Friday, November 29, 2002, the 39th day after the mailing of the notice of determination. Moreover, the envelope in which the petition was received at the Court bears a postmark date of Wednesday, November 27, 2002, the 37th day after the mailing of the notice of determination. See sec. 7502(a). It follows that the petition was late filed and that we must therefore dismiss this case for lack of jurisdiction. See <u>McCune v. Commissioner</u>, 115 T.C. 114 (2000).

Notwithstanding the fact that petitioner cannot pursue his case in this Court, petitioner may perhaps have a legal remedy. In this regard, we observe that the October 21, 2002, notice of determination did <u>not</u> sustain respondent's proposed levy action because, as of the date of the notice, petitioner's tax liabilities for the years in issue had been fully paid, principally through the application of setoffs made pursuant to section 6402(a). See <u>Bullock v. Commissioner</u>, T.C. Memo. 2003-5

(an offset under section 6402 does not constitute a levy action). If petitioner thinks that he has overpaid his liabilities, as he has alleged in the petition, then it is possible that he may be able to file a claim for refund with the Internal Revenue Service and, if the claim is denied, sue for a refund in the Federal District Court or the Court of Federal Claims.  See McCormick v. Commissioner, 55 T.C. 138, 142 (1970).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

An order of dismissal for for lack of jurisdiction will be entered.