T.C. Summary Opinion 2007-200


UNITED STATES TAX COURT


JOHN S. BURKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14584-07S.          Filed November 26, 2007.


John S. Burke, pro se.

<u>Carolyn Schenck</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

This matter is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction, filed August 17, 2007. Respondent moves to dismiss this case on the ground that the petition was not filed within the time prescribed by section 6213(a) or 7502. For reasons discussed hereinafter, we shall deny respondent's motion.

## Background

At the time that the petition was filed, John S. Burke (petitioner) resided in southern California.

On March 22, 2007, respondent's Appeals Office at the Austin, Texas Service Center sent petitioner a notice of deficiency. The notice of deficiency, which was sent to petitioner by certified mail addressed to him at his last known address, determined a deficiency in income tax for the taxable (calendar) year 2005 of $13,690 and an accuracy-related penalty under section 6662(a) of $1,199.60. Petitioner received the notice of deficiency in late March or early April 2007.

The first page of the notice of deficiency included the following statement: "If you want to contest this determination in court before making any payment, you have 90 days from the date of this letter * * * to file a petition with the United States Tax Court for a redetermination of the deficiency."

The first page of the notice of deficiency also included the following statement:  "Last Day to File a Petition with the United States Tax Court:  June 20, 2007".

On June 26, 2007, petitioner filed a petition with this Court seeking a redetermination of the deficiency and penalty determined by respondent in the notice of deficiency.  The petition, which is dated June 19, 2007, arrived at the Court by priority first-class mail in an envelope bearing a U.S. Postal Service postmark date of June 21, 2007.  The June 21 date was also the date that petitioner actually deposited the envelope into the mail at the post office in Venice Beach, California.

As indicated, respondent filed a Motion To Dismiss For Lack Of Jurisdiction on August 17, 2007.  Petitioner promptly filed an objection to respondent's motion.  Respondent followed with a reply to petitioner's objection.  Thereafter, a hearing on respondent's motion was held in Los Angeles, California, on October 30, 2007.  Both parties appeared at the hearing and presented argument in support of their respective positions. Respondent also filed a Declaration by the case processor in the Appeals Office at the Austin, Texas, Service Center who had been responsible for the mailing of the notice of deficiency.

## Discussion

### General Principles

This Court's jurisdiction to redetermine a deficiency in income tax depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes respondent, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if respondent mails the notice of deficiency to the taxpayer at the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). The taxpayer, in turn, has 90 days, or 150 days if the notice is addressed to a person outside the United States, to file a petition with this Court for a redetermination of the contested deficiency. Sec. 6213(a). By virtue of section 7502, a petition that is timely mailed is deemed to be timely filed.

### The Parties' Positions

It is clear in the present case that respondent mailed the notice of deficiency to petitioner on March 22, 2007. See Magazine v. Commissioner, 89 T.C. 321, 327 n.8 (1987) (holding that Postal Service Form 3877 represents direct evidence of the date of mailing of the notice of deficiency); see also Clough v.

Commissioner, 119 T.C. 183, 187-188 (2002) (overruling various challenges by a taxpayer to the introduction into evidence by the Commissioner of Postal Service Form 3877). Respondent relies on the fact that the 90th day after the date of mailing of the notice of deficiency was June 20, 2007, a Wednesday. In respondent's view, because the petition was mailed to the Court on June 21, 2007, the petition was not timely filed, and this case should therefore be dismissed for lack of jurisdiction.

Petitioner does not seriously challenge the mailing date of the notice of deficiency. Rather, petitioner contends that the notice of deficiency is dated March 24, 2007, and not March 22, 2007, and he relies on the statement in the notice that he had "90 days from the date of this letter * * * to file a petition with the United States Tax Court for a redetermination of the deficiency." Petitioner correctly states that the 90th day after March 24, 2007, was Friday, June 22, 2007. In petitioner's view, because the petition was mailed to the Court on June 21, 2007, and further because the envelope containing the petition was postmarked with that same date, the petition was timely filed and respondent's motion should therefore be denied.

Respondent vigorously takes issue with petitioner's contention. First, respondent rejects petitioner's premise that the notice of deficiency is dated March 24, 2007. Second, even if the notice is so dated, respondent relies on the fact that the

notice expressly advised petitioner that "Last Day to File a Petition with the United States Tax Court: June 20, 2007".

We begin our analysis with respondent's second argument.

Section 3463 of the 1998 Act

Section 3463(a) of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 767, which was enacted on July 22, 1998, requires:

> The Secretary of the Treasury or the Secretary's delegate shall include on each notice of deficiency under section 6212 of the Internal Revenue Code of 1986 the date determined by such Secretary (or delegate) as the last day on which the taxpayer may file a petition with the Tax Court.

Although section 3463(a) of the 1998 Act has not been incorporated into the Internal Revenue Code, it nevertheless has the force of law because it is part of the Statutes at Large. Smith v. Commissioner, 114 T.C. 489, 491 (2000), affd. 275 F.3d 912 (10th Cir. 2001).

Section 3463 of the 1998 Act amended section 6213(a) by adding at the end thereof the following sentence, effective for notices mailed after December 31, 1998:  "Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed."

The legislative history of section 3463 of the 1998 Act makes clear that the Congress wished to ensure that (1) taxpayers received assistance from the Commissioner in determining the

period within which they were obliged to file a petition for redetermination with the Tax Court and that (2) those taxpayers could rely on the computation of that period by the Commissioner. S. Rept. 105-174, at 90 (1998), 1998-3 C.B. 537, 626; see H. Rept. 105-364 (Part 1), at 71 (1997), 1998-3 C.B. 373, 443; see also Rochelle v. Commissioner, 116 T.C. 356, 362-363 (2001), affd. per curiam 293 F.3d 740 (5th Cir. 2002).

Thus, if the Commissioner makes a mistake in computing the filing period by overstating it, the last sentence of section 6213(a) serves to enlarge the period of time within which a taxpayer would otherwise have to file a petition for redetermination with this Court. On the other hand, the Commissioner's mistake in computing the filing period by understating it does not serve to shorten the period of time prescribed by law within which a petition must be filed. Cf. Bush v. Commissioner, T.C. Memo. 2002-33 (notice of deficiency specifying July 4 as the last date to file a petition ignored the provisions of section 7503 regarding time for performance of acts where the last day falls on Saturday, Sunday, or legal holiday), affd. 51 Fed. Appx. 422 (4th Cir. 2002).

In short, the 90th day after March 24, 2007, was Friday, June 22, 2007, and by no administrative fiat in the notice of deficiency may respondent make that day any earlier.

Date of the Notice of Deficiency

We turn now to respondent's first argument, i.e., that the notice of deficiency is dated March 22, 2007, and not March 24, 2007, as petitioner contends.

At the hearing on respondent's motion, petitioner produced the original notice of deficiency, and the Court examined it.[2] The date of the notice is reasonably legible and it certainly looks like March 24, 2007. However, in using a magnifying glass and a high-powered halogen light to examine the date, it appears that respondent originally stamped the notice March 21, 2007, and then restamped it March 22, 2007. This interpretation is consistent with the Declaration of respondent's employee who was responsible for the mailing of the notice.

The stamp-over of the date on the notice of deficiency had no effect on the legibility of either the month or the year or the first digit of the day. However, the stamp-over of the "1" and the "2" of the second digit of the day ended up producing what clearly looks like a "4" to the unaided eye.

In Loyd v. Commissioner, T.C. Memo. 1984-172, and Jones v. Commissioner, T.C. Memo. 1984-171, the Court held that the taxpayers were entitled to rely on the date stamped on the notice of deficiency as to its mailing date, even though the notice was

---

[2] Petitioner did not retain the envelope containing the notice of deficiency, and there is nothing in the record to indicate whether the envelope in which the notice was mailed bore a postmark.

actually mailed on an earlier date.  In other words, the date appearing on the notice of deficiency was deemed to be the date of mailing for purposes of section 6213(a).  See Lundy v. Commissioner, T.C. Memo. 1997-14 (discussing Loyd and Jones in the context of the Court's jurisprudence regarding its jurisdiction).

Respondent seeks to distinguish Loyd v. Commissioner, supra, and Jones v. Commissioner, supra, by relying on an earlier case, Meader v. Commissioner, T.C. Memo. 1982-288, wherein the Court granted the Commissioner's jurisdictional motion and dismissed the case on the ground that the petition had not been filed within 90 days of the date of mailing of the notice of deficiency.  Respondent argues that the date appearing on the notices of deficiency in Jones and Loyd was "clearly legible", whereas the date appearing on the notice in Meader was "smudged", so that the taxpayer was not entitled to rely on it.

In Meader v. Commissioner, supra, the notice of deficiency was mailed on April 6, 1981.  The petition was not timely filed as measured by that date.  However, the petition was filed within 90 days of April 8, 1981, and the taxpayers argued that the date stamped at the top of the notice of deficiency was April 8, 1981, rather than April 6, 1981.  The Court acknowledged that the date stamped on the notice was "somewhat smudged, and a cursory examination of it might create the mistaken belief that the date

is April 8.  However, closer scrutiny clearly reveals that the chronologically earlier date is the correct one."

In the instant case, we do not agree with respondent that the date stamped on the notice of deficiency presents a "patent ambiguity" such that petitioner was not entitled to rely on his reading of that date.  Rather, we think that petitioner's reading was eminently reasonable.  Indeed, as previously stated, the date stamped on the notice appears to the unaided eye to be March 24, 2007, and it is only upon close examination, using a magnifying glass and a powerful beam of light, that ambiguity arises.  In short, the date stamped on the notice of deficiency does not invite "closer scrutiny", thereby making respondent's reliance on Meader v. Commissioner, supra, inapposite.

## Conclusion

In conclusion, the date of March 24, 2007, shall be treated as the date of mailing of the notice of deficiency for purposes of section 6213(a).  See Loyd v. Commissioner, supra; Jones v. Commissioner, supra.  Because the petition was mailed to the Court within 90 days of that date, the petition was timely filed, see sec. 7502(a), and this case may go forward.  Accordingly, we shall issue an order (1) denying respondent's Motion To Dismiss For Lack Of Jurisdiction, filed August 17, 2007, and (2) directing respondent to file an answer to the petition.

To give effect to the foregoing,

<u>An appropriate order</u>

<u>will be issued.</u>