HEYWOOD R. LOYD and JEAN C. LOYD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Loyd v. Commissioner
Docket No. 16885-82.
United States Tax Court
T.C. Memo 1984-172; 1984 Tax Ct. Memo LEXIS 501; 47 T.C.M. (CCH) 1450; T.C.M. (RIA) 84172; April 4, 1984. D. Derrell Davis, for the petitioners. Val Albright, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Before the Court is respondent's motion to dismiss the case for lack of jurisdiction on the ground that the petition was not filed within 90 days of the date on which the notice of deficiency was mailed as required by section 6213(a). [1] Also before the Court is petitioners' oral motion to dismiss the case for lack of jurisdiction on the ground that the notice of deficiency is not valid in that it was not timely issued under the 3-year statute of limitations on assessments prescribed by section *503 6501(a). [2]
After careful consideration, we conclude that both motions must be denied. 1. Basic Facts
The evidence, all stipulated, shows that petitioners, husband and wife, filed joint Federal income tax returns for 1976 and 1977. The 1976 return was received by the Internal Revenue Service (IRS) on June 20, 1977, and the 1977 return *504 was received on June 20, 1978. Both returns were selected for audit and, on July 31, 1979, petitioners executed a power of attorney authorizing D. Derrell Davis (Davis), attorney-at-law, to represent them and to receive copies of all IRS communications to petitioners. On or before January 28, 1980, petitioners and respondent executed a Form 872 (Consent to Extend the Time to Assess Tax) extending the assessment period for 1976 to December 31, 1980. On or about October 23, 1980, petitioners and respondent executed a Form 872-A (Special Consent to Extend the Time to Assess Tax) for 1976. On or about March 30, 1981, petitioners' authorized representative and respondent executed a Form 872-A (Special Consent to Extend the Time to Assess Tax) for 1977. Under the terms of the Forms 872-A, the parties agreed that any income tax due for 1976 and 1977 may be assessed on or before the 90th day after: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); (c) the Internal Revenue Service mails *505 a notice of deficiency for such period(s). However, if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will be further extended by the number of days the assessment was previously prohibited, plus 60 days. * * * The parties further agreed in each of the Forms 872-A that: This agreement ends on the earlier of the above expiration date or the assessment date of an increase in the above tax that reflects the final determination of tax and the final administrative appeals consideration. The Forms 872-A contained other provisions not pertinent to the present controversy. On June 30, 1981, an appeals officer in the Office of the Regional Commissioner, IRS, sent petitioners' representative a letter, the body of which is as follows: I have prepared the enclosed agreement form to close the above case on the basis proposed in our discussion. The copy is for your records. Please return the signed original as soon as possible. Amounts shown do not include interest required by law. An addressed envelope is enclosed for year convenience. We will notify you when the proposed settlement *506 is approved. If you have any questions, please contact me * * *. To the letter was attached a Form 870 (Waiver of Restrictions on Assessments and Collection of Deficiency in Tax and Acceptance of Overassessment). The form stated: I consent to the immediate assessment and collection of any deficiencies (increase in tax and penalties) and accept any overassessment (decrease in tax and penalties) shown below, plus any interest provided by law. I understand that by signing this waiver, I will not be able to contest these years in the United States Tax Court, unless additional deficiencies are determined for these years. Taxable year ended
Increase in Tax and Penalties
12/31/75
$2,824.56
12/31/76
114.85
12/31/77
4,465.82
Beneath these figures and Davis' signature, dated "10/22/81," as attorney for petitioners, is the following printed note: NOTE: If you consent to the assessment of the deficiencies shown in this waiver, please sign and return the form in order to limit any interest charge and expedite the adjustment to your account. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe *507 you are so entitled; nor prevent us from later determining, if necessary, that you owe additional tax; nor extend the time provided by law for either action. On April 1, 1982, respondent sent to petitioners, by certified mail, a notice of deficiency for 1976 and 1977, determining the following deficiencies: Addition to Tax
Year
Deficiency
Sec. 6653(a)
1976
$4,647.13
$227.36
1977
39,693.67
1,984.68
Although delivered to the post office on April 1, 1982, the notice of deficiency was dated April 4, 1982. The notice was returned to the IRS as undelivered, but petitioners, in effect, conceded at the hearing on the motion that the notice was sent to their last known address. On or about April 1, 1982, respondent also sent a courtesy copy of the notice to Davis, petitioners' authorized representative; this copy was received by Davis on April 5, 1982. Within 90 days thereafter Davis contacted petitioners and advised them of the receipt of the courtesy copy of the notice of deficiency. On July 8, 1982, petitioners filed their petition in this Court. The petition was mailed to the Court in an envelope which bears a postmark date of July 6, 1982. *508 The parties have stipulated that in 1982 April 1 was a Thursday; April 4 was a Sunday; June 30 was a Wednesday; July 3 was a Saturday; July 5 was a Federal holiday in the District of Columbia; and July 6 was a Tuesday. 2. Timeliness of Petition
Section 6212(a) provides that, when the Secretary determines that there is a deficiency in income tax, he is authorized to send notice of such deficiency to the taxpayer by certified or registered mail. Section 6212(b)(1) states that it shall be sufficient if the notice is mailed to the taxpayer at his last known address. Section 6213(a) [3] provides that a taxpayer may file a petition in this Court within 90 days after the notice of deficiency is "mailed," not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day. *509 If the notice of deficiency in this case was "mailed" to petitioners, within the meaning of section 6213(a), on April 1, 1982, the date it was delivered to the post office, then the 90-day period expired on June 30, 1982, and the petition was not timely filed. On the other hand, if the notice was "mailed" on April 4, 1982, the date shown on the face of the notice, the petition was timely filed. The 90 calendar days would have expired on July 3, Saturday, but that day is not counted for section 6213(a) purposes. Also not counted are July 4, Sunday, and July 5, stipulated to be a legal holiday in the District of Columbia. The next day that is counted is July 6, 1982, and that is the date shown by the postmark on the envelope in which the petition was transmitted to the Court. Under section 7502, [4] the petition is deemed to have been filed on that date and would be timely. *510 Our research has failed to uncover any case involving a post-dated notice of deficiency. In a number of decided cases, this Court has reasoned that, under section 6213(a), the critical date is the date on which the notice of deficiency was "mailed"; the term "mailed" has been said to mean physically deposited with the postal service, and the statutory language requires as a condition to jurisdiction that the petition shall be filed within 90 days (or 150 days if the taxpayer is outside the United States) of that date.In disposing of those cases, the courts have made the broad statement that the date of mailing is not the date appearing on the notice, but rather is the date the notice is deposited in the post office. Those cases, however, involved situations where the date of the notice and the date of the deposit in the post office were the same, e.g., ; ; where the notice was undated, ; or where the date on the notice was earlier than the date of actual mailing. *511 . In none of those cases or in any others that we have located was the date on the notice of deficiency later than the date of deposit in the post office, as is here the case. [5] ( , decided this day, is similar. The scheme for notices of deficiency is designed to inform the taxpayer of the IRS' intention to assess a deficiency and to give the taxpayer an opportunity to withhold payment of the tax pending determination of the validity and correctness of the assessment by the Tax Court. , affd. . *512 This statutory purpose would not be served in the unusual case here before the Court if the notice of deficiency is regarded as having been mailed on April 1, 1982. Instead, we think it should be regarded as having been mailed as of April 4, 1982. The notice of deficiency is clearly dated April 4, 1982, and it expressly states: If you want to contest this determination in court before making any payment, you have 90 days from the above mailing date of this letter * * * to file a petition with the United States Tax Court for a redetermination of the amount of your tax. * * * [Emphasis added.] By thus representing to petitioners in the notice of deficiency itself that the 90-day period would begin on April 4, 1982, the IRS clearly indicated that it intended that date to be the mailing date of the notice. The original notice was not delivered to petitioners; [6] the document used in the preparation of the petition was the courtesy copy sent to petitioners' attorney. Petitioners' attorney had no way of knowing the date on which the IRS actually delivered the envelope to the postal service. As elaborated in , *513 where certain numbers appeared on an envelope which the Court thought was a postmark date several days later than the date of the notice: The difficulty with the date of deposit of certified mail with the Post Office is that the taxpayer has no knowledge of when it is. Ordinarily, of course, it will correspond with the postmark, if there is one, and the date on the notice of deficiency. But we are not considering the ordinary case here. Generally the taxpayer will rely on the date appearing on the notice of deficiency, since the notice instructs him to do so and since it is likely to be the earliest date, and thus the safest to rely on. [7] * * * We think that the attorney in the instant case was entitled to rely on the date of mailing stated in the notice. To protect that entitlement, the notice should be treated as mailed as of April 4, 1982. [8] The petition was thus timely, and respondent's motion to dismiss will be denied. *514 3. Timeliness of Notice of Deficiency
Section 6501(c)(4) provides: (4) Extension by agreement.--Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title * * * both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. The Form 872-A for 1977, described above, was signed by Davis on behalf of petitioners on March 19, 1981, and by the Regional Director of Appeals on March 30, 1981. It was a valid consent in writing, signed by both parties, for the extension of the time within which a deficiency could be assessed even though it did not fix a precise date on which the extension would expire. , affg. . The agreement carefully delineates the procedure whereby it was to be terminated. Petitioners contend that the IRS letter of June 30, 1981, with *515 which the Form 870 was enclosed, was a termination by the IRS of the consent for the extension of the assessment period. As we understand petitioners' argument, they contend that this letter and the Form 870 reflected "the final administrative appeals consideration," as contemplated by the above-quoted portion of the Form 872-A. We do not agree. We think that the most reasonable interpretation of the letter and the enclosed Form 870 is that the parties had reached a conditional partial settlement with respect to certain issues but the assessment period was to remain open with respect to the other issues in the case. In the Form 870 which accompanied the appeals officer's letter of June 30, 1981, petitioners consented to the immediate assessment of stated amounts of deficiencies. By signing the Form 870 waiver, petitioners agreed that they would "not be able to contest these years in the United States Tax Court, unless additional deficiencies are determined for these years." This was notice to petitioners that additional deficiencies might be determined. The note, quoted above from the printed Form 870, states that petitioners' consent to the immediate assessment of the stated *516 amounts would "limit any interest charge and expedite the adjustment to your account" but would not "prevent us [IRS] from later determining, if necessary, that you owe additional tax * * *." The letter itself states that: "We will notify you when the proposed settlement is approved." We think it quite clear, therefore, that the Form 870 and the accompanying letter of June 30, 1981, did not terminate the extension of assessment time provided by the Form 872-A. In support of their oral motion, petitioners state on brief: Here it was clearly understood that Appeals consideration was terminated where the Appeals Officer, Mr. Rackley, and Petitioner's counsel, Mr. Davis, reached an agreement on some of the issues and Mr. Davis was told a statutory notice would be forthcoming. Therefore, a partial agreement was subsequently executed and Mr. Davis was again told a statutory notice was forthcoming. It is obvious from the foregoing that neither Mr. Rackley nor Mr. Davis felt formal notice of termination of Appeals consideration was necessary. * * * The Court has before it no testimony from either Mr. Davis or Mr. Rackley. It has only the documents that have been stipulated, *517 and they are not sufficient to establish as facts these statements in petitioners' brief or to show a termination of the Form 872-A consent prior to the issuance of the April 4, 1982, notice of deficiency. Petitioner cites , revg. an order of this Court. In that case, in which the taxpayer and the IRS had signed a Form 872-A, an IRS conferee wrote a letter stating that the IRS conferees had "carefully considered the evidence and arguments in support of your position," adding: We regret that we have been unable to agree upon a mutually satisfactory basis for closing the case, although settlement proposals and counterproposals were made and considered by the parties. Accordingly, this is to inform you that it is our intention to recommend issuance of a statutory notice of deficiency reflecting the adjustments proposed by the District Director. Your cooperation has been very much appreciated. The court of appeals found that this letter was notification of the end of appellate consideration as contemplated by the Form 872-A and thus effected a termination within 90 days thereafter of the extension *518 of the limitations period on assessments. Pointing out that the letter used the past tense consistently, the court concluded that it signalled the end of the Appellate Division's consideration of the case. Pursuant to the terms of the Form 872-A, the IRS had 90 days within which to issue a notice but failed to do so. The letter in , in which the extension provided by a Form 872-A was held to be terminated, is similar in principle. These cases are clearly distinguishable on their facts from the instant matter. Here, in contrast to the Borg-Warner letter, the IRS letter of June 30, 1981, used the future tense. The IRS, moreover, stated that it would "notify you when the proposed settlement is approved" and specifically reserved the right to determine deficiencies in addition to the ones listed in the Form 870. Accordingly, petitioners' motion will be denied. To reflect the foregoing, An appropriate order will be entered.
Footnotes
1. All section referrences are to the Internal Revenue Code of 1954, as amended, unless otherwise noted. ↩
2. Respondent argues that petitioners' motion is premature and, instead of a motion to dismiss, should be in the form of a motion for summary judgment. Respondent points out that on the trial of the case, the evidence may establish an omission of a sufficient amount of gross income to render the 6-year statute of limitations prescribed by sec. 6501(e)(1)(A) applicable. Respondent may be technically correct as to the form of the motion and its timeliness. Because we conclude, however, that the consents to extend the assessment periods provided in the Forms 872-A executed by petitioners and the Internal Revenue Service were not terminated until the notice of deficiency was issued, we shall dispose of the motion on its merits.↩
3. SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT. (a) Time for Filing Petition and Restriction on Assessment.--Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *↩
4. SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. (a) General Rule.-- (1) Date of delivery.--If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.↩
5. In respondent's memorandum brief is the following statement: Respondent, by filing of his motion to dismiss, was not attemptin to deny petitioners the opportunity to litigate their case in this Court, but was concerned about the jurisdiction of the Court in this case. Should the Court be satisfied that petitioners were misled by the erroneous date on the notice of deficiency, respondent would have no objection to the Court finding that it has jurisdiction. * * *↩
6. The envelope in which the original notice was transmitted indicates that the postal service attempted to deliver the notice of Apr. 3 and 7 and the envelope was "unclaimed." The envelope is addressed to petitioners at Route 8, Box 400M, Texarkana, Ark. 75503. Petitioners' counsel explained that petitioners lived in a rural area and that, although he had corresponded with them at that address, they did not receive the notice. By noting that petitioner did not receive the original notice, we in no way intend to imply that the notice was invalid. As noted above, petitioners conceded that the notice was sent to their last known address and, therefore, is valid under sec. 6212(b)(1) even though petitioners did not receive it. ; , affd. per order . ↩
7. The Court in , recognized that "mailed" may have more than one meaning: Where, as here, the word "mailed" is capable of two interpretations, we are inclined to adopt a construction which will permit us to retain jurisdiction without doing violence to the statutory language. To accept the postmark date under these particular circumstances and thus save jurisdiction would, in our judgment, be reasonable and proper. On reconsideration, the Court was convinced by testimony that the numbers appearing on the envelope were not, in fact, a postmark, and the case was dismissed. . ↩
8. We emphasize that we are not announcing a rigid rule under which the date stamped on the face of the notice will always be considered the date the notice was mailed for purposes of sec. 6213(a). We do not intend, for example, to shorten the period which existing law gives the taxpayer to file his petition when the date stamped on the notice is earlier↩ than the date of delivery to the postal authorities. Our holding is limited to the facts of this unusual case.