146 T.C. No. 4

UNITED STATES TAX COURT

ISAIAH BONGAM, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20104-14L.                    Filed February 11, 2016.

In an effort to collect P's unpaid liabilities, R issued P a Notice of Federal Tax Lien Filing and Your Right to a Hearing (NFTL Notice). The NFTL Notice was sent by certified mail to P at an address in Bowie, Maryland (Maryland address). At all relevant times, the Maryland address was P's last known address. P timely requested a collection due process (CDP) hearing, showing as his address an address in Washington, D.C. (Washington address).

The CDP hearing was held, and R determined that P was not entitled to relief. R then sent P by certified mail a Notice of Determination (Notice) denying relief. The Notice was mailed to P at the Washington address and was returned to R as undeliverable. Without changing the date listed on the Notice, R's office remailed it to P by regular mail to the Maryland address. P received the Notice and petitioned this Court within 30 days of the date on which he actually received the Notice and also of the date on which the Notice was remailed to him.

"[T]his Court's jurisdiction under [I.R.C.] sections 6320 and 6330 depends on the issuance of a valid notice of determination and the filing of a timely petition for review." Weber v. Commissioner, 122 T.C. 258, 261 (2004). R contends that we lack jurisdiction because the Notice originally sent to P was not mailed to his "last known address" and was therefore invalid.

 1. Held: The Notice as originally mailed to P at his Washington address, which was returned to R as undeliverable, was invalid and did not start the 30-day period for petitioning this Court.

 2. Held, further, the Notice as subsequently remailed to P at his Maryland address was valid because it was actually received by P without prejudicial delay, that is, in time to file a timely petition in this Court.

 3. Held, further, even though the date listed on the Notice was earlier than the date of mailing, the critical date for the running of the 30-day period is not the date listed on the Notice, but the subsequent date on which the notice was mailed to or actually received by P.

Isaiah Bongam, pro se.

John D. Ellis, for respondent.

OPINION

LAUBER, Judge: On September 16, 2015, the Internal Revenue Service (IRS or respondent) moved to dismiss this case for lack of jurisdiction. The case was called and recalled from the calendar at the Court's trial session in Washing-

ton, D.C., on November 2, 2015. Both parties appeared, and an evidentiary hearing was held. In light of the evidence introduced at that hearing, we will deny the motion to dismiss.

Background

This collection due process (CDP) case involves petitioner's liability for civil penalties under section 6672 for various calendar quarters from 2005 through 2009.[1] The IRS assessed this liability, totaling $772,282, on April 9, 2009. In an effort to collect this unpaid liability, the IRS issued petitioner, on October 1, 2013, a Notice of Federal Tax Lien Filing and Your Right to a Hearing (NFTL Notice). The NFTL Notice was sent by certified mail to petitioner at an address in Bowie, Maryland (Maryland address). At all relevant times, the Maryland address was petitioner's last known address as shown in IRS records. Respondent concedes that the Maryland address was petitioner's last known address, and petitioner in fact received the NFTL Notice at that address.

On October 9, 2013, petitioner timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing. The Form 12153 showed as petitioner's address an address in Washington, D.C. (Washington address).

---

[1]All statutory references are to the Internal Revenue Code (Code) in effect at all relevant times. We round all monetary amounts to the nearest dollar.

Petitioner testified that this house belonged to his daughter and that he and other relatives also resided there. At no time did petitioner file a change-of-address form with the IRS or indicate to the IRS that he wished to have his last known address changed to the Washington address. See Rev. Proc. 2010-16, 2010-19 I.R.B. 664 (listing requirements for taxpayer to change his last known address). Petitioner testified that he generally used the Maryland address for his tax filings.

The CDP hearing was held, and the settlement officer determined that petitioner was not entitled to relief. On April 30, 2014, the IRS sent petitioner, by certified mail, a Notice of Determination Concerning Collection Action(s) (Notice of Determination or Notice) denying relief. That letter was mailed to petitioner at the Washington address. On May 3, 2014, the U.S. Postal Service attempted to deliver the letter to petitioner's Washington address but was unable to do so. On June 6, 2014, the letter was returned as undeliverable to the IRS office in Memphis, Tennessee (IRS Memphis office).

On August 4, 2014, someone from the IRS Memphis office remailed the April 30, 2014, Notice of Determination, including the envelope in which it had originally been posted, to petitioner at his Maryland address. This document was sent to petitioner by regular mail, not by certified or registered mail. Petitioner received the Notice of Determination a few days later and, on August 22, 2014,

mailed to the Tax Court a petition seeking review of the Notice. This petition was filed within 30 days of the date on which petitioner actually received the Notice and of August 4, 2014, the date on which the Notice was remailed to him.

## Discussion

This Court always has jurisdiction to determine whether it has jurisdiction. Cooper v. Commissioner, 135 T.C. 70, 73 (2010). The Tax Court is a court of limited jurisdiction, and we must ascertain whether the case before us is one that Congress has authorized us to consider. See sec. 7442; Estate of Young v. Commissioner, 81 T.C. 879, 881 (1983). In determining whether we have jurisdiction over a given matter, this Court and the Courts of Appeals have given our jurisdictional provisions a broad, practical construction rather than a narrow, technical one. Lewy v. Commissioner, 68 T.C. 779, 781 (1977). When a statutory provision is capable of two interpretations, "we are inclined to adopt a construction which will permit us to retain jurisdiction without doing violence to the statutory language." Traxler v. Commissioner, 61 T.C. 97, 100 (1973).

Sections 6320 (pertaining to Federal tax liens) and 6330 (pertaining to levies) establish procedures for administrative and judicial review of certain collection actions. The Commissioner must provide the taxpayer with written notice of lien filing or the proposed levy action and inform the taxpayer of his right to

challenge it at an administrative hearing. See Davis v. Commissioner, 115 T.C. 35, 37 (2000). The Code requires that such written notice be given in one of three specified ways. It must be "given in person," be "left at the [taxpayer's] dwelling or usual place of business," or be "sent by certified or registered mail * * * [to the taxpayer's] last known address." Secs. 6320(a)(2)(A)-(C), 6330(a)(2)(A)-(C).

After receiving the written notice specified above, the taxpayer may request a CDP hearing under section 6320(b) or 6330(b). If dissatisfied with the outcome of that hearing the taxpayer "may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." See sec. 6330(d)(1) (cross-referenced in section 6320(c)). We have repeatedly held "that this Court's jurisdiction under sections 6320 and 6330 depends on the issuance of a valid notice of determination and the filing of a timely petition for review." Weber v. Commissioner, 122 T.C. 258, 261 (2004); see Sarrell v. Commissioner, 117 T.C. 122, 125 (2001).

In this case, petitioner actually received the Notice of Determination as re-mailed to him on August 4, 2014, and within 30 days he filed a timely petition for review. Respondent nevertheless contends that we lack jurisdiction because the Notice originally sent to petitioner on April 30, 2014, was not mailed to his "last

known address." Respondent argues that the Notice was therefore invalid and cannot serve as a basis for jurisdiction in this Court.

Section 6330(d) does not specify the means by which the IRS shall notify the taxpayer of a "determination" made after a CDP hearing. Indeed, section 6330(d) does not explicitly require that the taxpayer be notified at all; it simply states that there must be a "determination" and permits the taxpayer to appeal to this Court within 30 days after the "determination" has been made. See Lunsford v. Commissioner, 117 T.C. 159, 161 (2001) (interpreting the statute to require a "determination" to be in the form of a written notice). In Weber, 122 T.C. at 261, we reasoned that "the method that Congress specifically authorized for sending notices of deficiency * * * certainly should suffice" in the CDP context. We accordingly held in Weber that "a notice of determination issued pursuant to sections 6320 and/or 6330 is sufficient if such notice is sent by certified or registered mail to a taxpayer at the taxpayer's last known address." Id. at 261-262; see Sebastian v. Commissioner, T.C. Memo. 2007-138, 93 T.C.M. (CCH) 1302, 1304. We had no occasion in Weber to decide whether notice to the taxpayer would be effective

if delivered in some other way. We address that question now, again by analogy to our deficiency jurisdiction.[2]

Section 6212(b)(1) provides that a notice of deficiency "shall be sufficient" if it is "mailed to the taxpayer at his last known address." The language of this section is clearly permissive: "Congress did not create a mandatory address to which a notice of deficiency must be mailed, but rather provided the Commissioner a 'safe harbor' address to which he could send the notice." McKay v. Commissioner, 89 T.C. 1063, 1068 (1987), aff'd, 886 F.2d 1237 (9th Cir. 1989). By using this safe harbor, the IRS can ensure that a notice of deficiency will be valid regardless of whether the taxpayer actually receives it. The "last known address" rule thus comes into play when the taxpayer does not receive the notice of deficiency or receives it with insufficient time to file a timely petition for redetermination.

However, a notice of deficiency need not be sent to the taxpayer's last known address in order to be valid. Rather, the notice will be valid if it is actually received by the taxpayer "without prejudicial delay," that is, generally in time to

---

[2]The Treasury Regulations appear to specify notice by certified or registered mail as the preferred form of notice. See sec. 301.6330-1(e)(3), Q&A-E8, Proced. & Admin. Regs. ("Taxpayers will be sent a dated Notice of Determination by certified or registered mail."). Respondent does not argue that these regulations limit our jurisdiction. See Harris v. Commissioner, 32 T.C. 1216, 1217 (1959) ("[O]ne litigant cannot write into the law limitations on the jurisdiction of the Court as to the other party by his own regulations.").

file a timely petition in this Court. McKay, 89 T.C. at 1068; Mulvania v. Commissioner, 81 T.C. 65, 68 (1983); Looper v. Commissioner, 73 T.C. 690 (1980). Actual notice from the IRS to a taxpayer, whether transmitted by certified mail, ordinary mail, or hand delivery, will suffice. See Tenzer v. Commissioner, 285 F.2d 956 (9th Cir. 1960) (personal delivery of notice of deficiency); Boren v. Riddell, 241 F.2d 670 (9th Cir. 1957) (mailing of notice of deficiency by ordinary mail).

Section 6330(d) does not require that the Commissioner send a notice of determination by certified mail to the taxpayer's last known address or that he deliver it in any particular way. In this respect, section 6330(d)(1) stands in sharp contrast to sections 6320(a) and 6330(a), which specify three permissible modes of notifying the taxpayer of liens and levies, and other Code provisions that mandate mailing to the taxpayer's "last known address." See secs. 6015(e)(1)(A)(i)(I), 6110(f)(3)(B), 6331(d)(2), 7603(b)(1). If Congress had intended that a similar restriction would govern our review of CDP cases, Congress could easily have so specified. Instead, section 6330(d)(1) provides that this Court shall have jurisdiction if a taxpayer files a petition "within 30 days of a determination." This language does not limit the manner in which the IRS may notify the taxpayer that a determination has been made.

We agree with respondent that the Notice of Determination, as originally mailed to petitioner on April 30, 2014, was invalid. That document was not sent to petitioner's "last known address" and it was not actually received by him; rather, it was returned to the IRS Memphis office as undeliverable. See Looper, 73 T.C. at 699 (holding notice of transferee liability invalid when it was not mailed to taxpayer's last known address and taxpayer was unable to file a timely petition despite the exercise of due diligence). The April 30, 2014, mailing therefore did not start the clock for petitioning this Court.

However, the IRS Memphis Office remailed the Notice of Determination to petitioner on August 4, 2014, and he actually received that Notice in time to file a timely petition. We find that the Notice of Determination, as remailed on August 4, 2014, was properly mailed and valid and that petitioner's 30-day period for petitioning this Court did not start to run before that date. Cf. Terrell v. Commissioner, 625 F.3d 254 (5th Cir. 2010) (holding that 90-day window for seeking review of IRS innocent spouse determination did not begin to run when notice was sent to incorrect address but began to run when notice was remailed to taxpayer's correct address); Kasper v. Commissioner, 137 T.C. 37, 42 (2011) ("Requiring the

Whistleblower Office to provide the whistleblower with notice of the determination is the logical first step to establish the starting date for the period of appeal.").

Our conclusion is unaffected by the fact that the date appearing on the Notice of Determination does not match the date on which the Notice was successfully mailed to petitioner. As we have held in analogous situations, when the date appearing on a deficiency notice is earlier than the date of mailing, "[t]he critical date is the date the deficiency notice was 'mailed.'" August v. Commissioner, 54 T.C. 1535, 1536 (1970).[3] After the Notice of Determination was returned as undeliverable, the IRS Memphis Office could have crossed out the original date on the letter and replaced it with the current date, or it could have retyped the Notice using the remailing date. The IRS' failure to do one of these things does not

---

[3]Compare Lundy v. Commissioner, T.C. Memo. 1997-14, 73 T.C.M. (CCH) 1693, 1695 (the date of mailing is generally "the date that the Commissioner actually places the notice of deficiency in the mail"), with Loyd v. Commissioner, T.C. Memo. 1984-172, 47 T.C.M. (CCH) 1450, 1453-1454 (date of mailing deemed to be the date appearing on the notice of deficiency when it postdates the date of actual mailing). Cf. sec. 301.6330-1(e)(3), Q&A-E10, Proced. & Admin. Regs. ("The 30-day period within which the taxpayer is permitted to seek judicial review of Appeals' determination commences the day after the date of the Notice of Determination.").

deprive us of jurisdiction, so long as the Notice of Determination was actually received by petitioner in time to seek our review.[4]

We see no reason why the above-described rules governing our deficiency jurisdiction should not also govern our jurisdiction in CDP cases, thus allowing taxpayers the greatest opportunity, consistently with the statutory language, to obtain jurisdiction in our Court. We accordingly hold that the 30-day window prescribed by section 6330(d)(1) is calculated by reference to the Notice of Determination that was successfully sent to petitioner's Maryland address by regular mail on August 4, 2014. Because petitioner actually received that Notice and filed his petition within 30 days, we have jurisdiction to hear this case. See, e.g., Pugsley v. Commissioner, 749 F.2d 691 (11th Cir. 1985) (even though notice of deficiency was not sent to last known address, taxpayer was not prejudiced because he received actual notice of deficiency in ample time to petition this Court); Clodfelter v. Commissioner, 527 F.2d 754, 757 (9th Cir. 1975) (notice of deficiency

---

[4]Because petitioner filed his petition within 30 days of the remailing date and also of the date on which he actually received the Notice of Determination, we need not decide which date triggered the start of the 30-day filing period. Compare Powell v. Commissioner, 958 F.2d 53, 57 (4th Cir. 1992) ("When notice of a deficiency is not sent to a taxpayer's last known address, subsequent actual notice of the deficiency will commence the running of the ninety-day period."), and Crum v. Commissioner, 635 F.2d 895 (D.C. Cir. 1980) (time begins to run on date of receipt), with Pugsley v. Commissioner, 749 F.2d 691, 692-693 (11th Cir. 1985) (time begins to run on date of mailing if ample time to file a petition).

not sent to last known address is valid "if mailing results in actual notice without prejudicial delay"), aff'g 57 T.C. 102 (1971); Frieling v. Commissioner, 81 T.C. 42, 57 (1983) ("[S]o long as the notice of deficiency is timely mailed by the Commissioner and is received without prejudicial delay by the taxpayer * * *, the notice is effective for all purposes from the time of its mailing.").[5]

To reflect the foregoing,

> An order will be issued denying respondent's motion to dismiss for lack of jurisdiction.

---

[5]The IRS notice of determination form typically informs the taxpayer: "If you want to dispute this determination in court, you must file a petition with the United States Tax Court within 30 days from the date of this letter." We have no occasion in this case to decide whether a notice of determination, mailed under circumstances resembling those here, would be valid if the taxpayer, confused by the erroneous date on the IRS letter, did not file a petition in this Court.