147 T.C. No. 12

UNITED STATES TAX COURT

WHISTLEBLOWER 26876-15W, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26876-15W.                    Filed November 9, 2016.

P filed with the IRS Whistleblower Office Form 211, Application for Award for Original Information, with respect to TP1. R commenced an examination of TP1's returns but eventually closed the examination with no change. On May 29, 2014, W, the Director of the Whistleblower Office, executed Form 11369, Confidential Evaluation Report on Claim for Award, approving the denial of P's claim on the ground that no proceeds had been collected. On May 30, 2014, R mailed to P a final determination letter, signed by a member of W's staff, informing P that his claim had been denied. This letter was not mailed to P's last known address, and he never received it.

In September 2015 P contacted the Whistleblower Office seeking an update on his claim. On October 15, 2015, R mailed P a letter informing him that his claim had been closed and attached a copy of the May 30, 2014, letter. P filed his petition on October 26, 2015. On July 1, 2016, P filed a motion to dismiss for lack of jurisdiction, arguing that the final determination letter was "null and void" be-

cause it was not signed by W, in alleged violation of Delegation Order 25-7 (Rev. 1).

1. <u>Held</u>: W properly exercised his authority under Delegation Order 25-7 when he executed Form 11369 approving the denial of P's claim for an award. Nothing in that delegation order (or anywhere else) required that W personally sign the letter informing P that his claim had been denied.

2. <u>Held</u>, <u>further</u>, the May 30, 2014, determination letter as originally mailed to P was invalid because it was not mailed to P's last known address and P did not actually receive it.

3. <u>Held</u>, <u>further</u>, P timely filed his petition because he filed it within 30 days of October 15, 2015, the date on which the notice of determination was properly remailed to him.

[Sealed], for petitioner.

<u>David K. Barnes</u>, for respondent.

OPINION

LAUBER, <u>Judge</u>: This whistleblower award case is currently before the Court on petitioner's motion to dismiss for lack of jurisdiction. With respect to nondiscretionary whistleblower awards, section 7623(b)(4) provides: "Any determination regarding an award * * * may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect

to such matter)."[1]  Petitioner contends that the decision by the Internal Revenue Service (IRS) to deny him an award was "null and void," with the supposed result that the IRS has not yet made a "determination regarding an award" that could give rise to jurisdiction in this Court.  We find no merit in petitioner's argument, and we conclude that he filed his petition within the 30-day period prescribed by section 7623(b)(4).  We will accordingly deny his motion to dismiss for lack of jurisdiction.

## Background

The following facts are derived from the parties' pleadings and motion papers, including the affidavits and exhibits attached thereto.  In February 2009 petitioner filed with the IRS Whistleblower Office (Office) Form 211, Application for Award for Original Information.[2]  The Form 211 contained allegations regarding various taxpayers, including Taxpayer 1.  The Office reviewed petitioner's claim

---

[1]All statutory references are to the Internal Revenue Code in effect at the relevant times.

[2]The Court granted petitioner's motion to proceed anonymously.  When referring to petitioner, we will employ the masculine pronoun and possessive adjective without intending to create any implication concerning petitioner's gender.  We will use the term "Taxpayer 1" to refer to the taxpayer who was subject of petitioner's award claim, and we will use the terms State 1 and State 2 to refer to the States in which petitioner resided at various times.

and forwarded it to appropriate personnel in the IRS Large Business and International Division.

The IRS commenced an examination of Taxpayer 1's returns and initially proposed adjustments. However, respondent represents that the IRS Office of Appeals fully conceded these adjustments. The record includes an Appeals Transmittal and Case Memo dated November 5, 2013, reporting that the examination of Taxpayer 1 had been "closed" with "no change."

In January 2014 a senior tax analyst in the Office, Kimberlee Loren, completed Form 11369, Confidential Evaluation Report on Claim for Award, recommending that petitioner's claim be denied. Stephen A. Whitlock, the Director of the Office, executed this form on May 29, 2014. Above his signature, in a box captioned "Percentage Recommended," the figure "0%" appears.

On May 30, 2014, the IRS sent petitioner a final determination letter informing him that his claim had been denied. This letter, signed by Ms. Loren, stated as follows:

> [A]n award may be paid only if the information provided results in the collection of additional tax, penalties, interest, or other proceeds. In this case, the information did not result in the collection of any proceeds. Therefore, you are not eligible for an award.

Petitioner alleges that he never received the May 30, 2014, letter. That letter was addressed to him at an address in State 1. He alleges that he had moved in June 2013 to an address in State 2; that he had properly notified the Office of his new address; and that he had "received assurances from the * * * [Office] that his address had been properly updated" in the IRS computer system. In his response to the motion to dismiss, respondent does not dispute any of these allegations.

In September 2015 petitioner wrote the Office seeking an update on his claim. Ms. Loren responded to him at his correct address by letter dated October 15, 2015; she informed him that his claim had been closed and attached a copy of her May 30, 2014, letter. Petitioner alleges that this October 2015 letter was the first notice he received that the Office had denied his claim for an award. Respondent does not dispute this allegation.

Petitioner treated the October 15, 2015, letter as a denial of his claim and filed a petition with this Court on October 26, 2015. On July 1, 2016, petitioner filed a motion to dismiss this case for lack of jurisdiction. On August 12, 2016, respondent filed a response opposing the motion to dismiss.

## Discussion

The Tax Court is a court of limited jurisdiction, and we must ascertain whether the case before us is one that Congress has authorized us to consider. See sec.

7442; Estate of Young v. Commissioner, 81 T.C. 879, 881 (1983).  In determining whether we have jurisdiction over a given matter, this Court and the Courts of Appeals have given our jurisdictional provisions a broad, practical construction rather than a narrow, technical one.  Lewy v. Commissioner, 68 T.C. 779, 781 (1977).  When a statute is capable of two interpretations, "we are inclined to adopt a construction which will permit us to retain jurisdiction without doing violence to the statutory language."  Traxler v. Commissioner, 61 T.C. 97, 100 (1973).

This Court has jurisdiction under section 7623(b)(4) if the IRS makes a "determination regarding an award" and "a petition invoking our jurisdiction over that matter is timely filed."  Comparini v. Commissioner, 143 T.C. 274, 277 (2014).  In urging that we lack jurisdiction, petitioner contends that the IRS has not yet made a "determination regarding an award" because the May 30, 2014, letter denying his claim was "ultra vires" and "null and void."

Under Delegation Order 25-7 (Rev. 1), Internal Revenue Manual pt. 1.2.52.8(2) and (3) (July 1, 2008), the Commissioner has delegated to the Director of the Office the authority to approve or disapprove awards under section 7623. Petitioner notes that the May 30, 2014, determination letter was signed by Ms. Loren, not by Mr. Whitlock, the Director of the Office at the time.  Because this letter was allegedly signed by the wrong person, petitioner contends that it did not

constitute a "determination regarding an award" sufficient to give us jurisdiction. And because the October 15, 2015, letter simply attached a copy of the (allegedly invalid) May 30, 2014, letter, petitioner urges that it did not constitute a proper "determination" either.  Cf. Cooper v. Commissioner, 135 T.C. 70, 76 (2010) (holding that an IRS communication constitutes a "determination" for purposes of section 7623(b)(4) if it is a final administrative decision "issued in accordance with the established procedures").

We find no merit in this argument.  Delegation Order 25-7 delegated to Mr. Whitlock the authority to approve or disapprove awards under section 7623.  Mr. Whitlock exercised that authority on May 29, 2014, when he signed the Form 11369 adopting his staff's recommendation that petitioner's claim be disallowed in full because no "proceeds" had been collected.  The following day, the Office sent petitioner a final determination letter informing him of this decision.  There is nothing in Delegation Order 25-7 (or anywhere else) that required this letter to be signed by Mr. Whitlock personally rather than by a member of his staff.

Although we reject petitioner's argument that the determination to deny his claim was "ultra vires," we must still consider whether he filed his petition within the 30-day period specified in section 7623(b)(4), which sets forth a jurisdictional requirement.  See Comparini, 143 T.C. at 277; Cooper, 135 T.C. at 73-74.  Gener-

ally, the 30-day period to file a whistleblower petition begins on the date on which the IRS determination letter is sent to the claimant's last known address or personally delivered to him. See Kasper v. Commissioner, 137 T.C. 37, 45 (2011). Petitioner did not petition this Court within 30 days of the May 30, 2014, determination letter. However, that letter was not sent to his last known address, and respondent does not dispute petitioner's averment that he never received it.[3] The May 30, 2014, determination letter was later re-mailed to petitioner on October 15, 2015; he received that letter and petitioned this Court 11 days thereafter. We must decide whether a petition filed under these circumstances was timely filed.

Although we do not appear to have faced a question of this sort in prior whistleblower cases, we have confronted it frequently in our deficiency jurispru-

---

[3]When deciding a motion to dismiss for lack of jurisdiction, we construe the undisputed allegations of the petition in a manner favoring a finding of jurisdiction. See, e.g., Whistleblower 11332-13W v. Commissioner, 142 T.C. 396, 400 (2014). If jurisdiction turns on contested facts, allegations in the petition are generally taken as true for purposes of deciding a motion to dismiss for lack of jurisdiction. Ibid. In his petition, petitioner avers that the May 30, 2014, letter "was addressed incorrectly to Petitioner at his former address." He alleges that he notified the Office of his changed address and "received assurances from the * * * [Office] that his address had been properly updated" in the IRS computer system. In his response to the motion to dismiss, respondent does not dispute any of these allegations or contend that he mailed the May 30, 2014, letter to petitioner's last known address. In the absence of any evidence to the contrary, we find that the determination letter, as originally mailed to petitioner on May 30, 2014, was not sent to his last known address.

dence and (more recently) in collection due process (CDP) cases. The latter cases seem particularly apposite here because the jurisdictional provisions are quite similar. Section 7623(b)(4) provides that "[a]ny determination regarding an award * * * may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." Section 6330(d) similarly provides that a taxpayer dissatisfied with the outcome of a CDP hearing "may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." Neither statute requires that the Commissioner send a notice of determination by certified mail to the taxpayer's last known address or that he deliver it in any particular way. Indeed, neither statute explicitly requires that the taxpayer be notified at all, only that a "determination" be made.

In Lunsford v. Commissioner, 117 T.C. 159, 161 (2001), we interpreted section 6330(d) to require that a "determination" take the form of a written notice to the taxpayer. In Weber v. Commissioner, 122 T.C. 258, 261-262 (2004), we held that "a notice of determination issued pursuant to sections 6320 and/or 6330 is sufficient if such notice is sent by certified or registered mail to a taxpayer at the taxpayer's last known address." We had no occasion in these cases to decide whether notice to the taxpayer would be effective if delivered in some other way.

We recently addressed that question in Bongam v. Commissioner, 146 T.C. 52 (2016). The IRS there mailed a CDP notice of determination to an address that was not the taxpayer's last known address. That notice, dated April 30, 2014, was returned to the IRS as undeliverable. Several months later, on August 4, 2014, the IRS remailed the notice to the taxpayer's last known address by regular mail. The taxpayer received the notice at that address and petitioned this Court within 18 days of the mailing date.

Relying on analogies from our deficiency jurisprudence, we held in Bongam that the notice of determination, as originally mailed to the taxpayer on April 30, 2014, was invalid because it was not sent to his last known address and was not actually received by him. That letter therefore did not trigger the statute's 30-day jurisdictional filing period. Bongam, 146 T.C. at 57. Instead we held: "[T]he 30-day window prescribed by section 6330(d)(1) is calculated by reference to the Notice of Determination that was successfully sent to petitioner[] * * * on August 4, 2014. Because petitioner actually received that Notice and filed his petition within 30 days, we have jurisdiction to hear this case." Id. at 59.

The same logic applies here. The notice of determination mailed to petitioner on May 30, 2014, was not sent to his last known address and he did not receive it. Upon learning this, the Office remailed the notice of determination, as an

attachment to its October 15, 2015, letter, to petitioner at his correct address.  He received that letter and petitioned this Court on October 26, 2015, within 30 days of the date on which the notice was mailed to (and received by) him.

We find that the notice of determination, as remailed to petitioner on October 15, 2015, was properly mailed and valid, and that the 30-day period for petitioning this Court did not start to run before that date.  Cf. Bongam, 146 T.C. at 57; see also Terrell v. Commissioner, 625 F.3d 254 (5th Cir. 2010) (holding that 90-day window for seeking review of IRS innocent spouse determination did not begin to run when notice was sent to incorrect address but began to run when notice was remailed to taxpayer's correct address); Kasper, 137 T.C. at 42 ("Requiring the Whistleblower Office to provide the whistleblower with notice of the determination is the logical first step to establish the starting date for the

period of appeal.").[4]  Because petitioner petitioned this Court within 30 days of

October 15, 2015, we have jurisdiction to hear this case under section 7623(b)(4).

To reflect the foregoing,

An order will be issued denying

petitioner's motion to dismiss for lack of

jurisdiction.

---

[4]In Comparini, 143 T.C. at 274-276, the Office sent the claimants, and they received, two distinct letters denying their claims, and they petitioned this Court in response to the second but not the first.  Although the Court was unanimous in finding that we had jurisdiction, there was a spirited debate as to the circumstances in which a second determination letter would provide the claimants a new 30-day period within which to petition this Court.  Compare id. at 283-286 with id. at 288-295 (Halpern and Lauber, JJ., concurring).  Here, respondent did not mail the May 30, 2014, determination letter to petitioner's last known address, and petitioner did not receive it; it was thus invalid.  Because petitioner received only one valid determination letter, we have no occasion to address the question that divided the Court in Comparini.