# United States Tax Court

162 T.C. No. 5

PAUL ANDREW FRUTIGER,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 31153-21.                                      Filed March 11, 2024.

————————

R issued a Notice of Determination to P denying his claim for innocent spouse relief. P filed an untimely Petition with the Tax Court seeking review of R's determination. R asks the Court to dismiss this case for lack of jurisdiction. P argues that the deadline to file a petition from a denial of innocent spouse relief is not jurisdictional and asks that the Court hear his case on equitable grounds.

A filing deadline is jurisdictional if Congress clearly states that it is.

*Held*: The 90-day filing deadline in I.R.C. § 6015(e)(1)(A) is jurisdictional.

*Held, further*, because P failed to file his Petition within the 90-day deadline, we do not have jurisdiction to hear his case.

————————

Paul Andrew Frutiger, pro se.[1]

*Michael S. Hensley* and *Julia Kapchinskiy*, for respondent.

OPINION

BUCH, *Judge*: Paul Frutiger filed an untimely Petition for review of the Commissioner's final determination denying Mr. Frutiger innocent spouse relief. The Commissioner asserts that this case should be dismissed for lack of jurisdiction, while Mr. Frutiger asserts that the Tax Court should hear his case on equitable grounds.

The Tax Court has jurisdiction to hear cases only to the extent provided by Congress. Although filing deadlines are presumptively not jurisdictional, Congress can make a filing deadline jurisdictional by making a clear statement that it intended for the filing deadline to be jurisdictional.

Congress clearly stated that the 90-day filing deadline of section 6015(e)(1)(A)[2] is jurisdictional. Because Mr. Frutiger failed to file a petition with the Tax Court within the 90-day deadline, the Tax Court does not have jurisdiction to hear his case.

*Background*

On June 16, 2021, the Commissioner issued separate notices of determination to Paola Frutiger and Paul Frutiger, denying each of their requests for innocent spouse relief for 2018. Within 90 days of when the Commissioner issued the notice to her, Ms. Frutiger filed a timely petition seeking review of the notice of determination. *See Frutiger v. Commissioner*, No. 25835-21 (T.C. filed July 13, 2021). While residing in California, Mr. Frutiger mailed a Petition seeking review of his Notice of Determination 92 days after the Commissioner issued that notice. The Court received the Petition 96 days after the Commissioner issued the Notice of Determination to Mr. Frutiger. The Court consolidated the Frutigers' cases.

---

[1] Brief amicus curiae was filed by *Mandi L. Matlock* and *T. Keith Fogg* as counsel for the Center for Taxpayer Rights.

[2] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times.

The Court issued an order requesting that Mr. Frutiger and the Commissioner address whether Mr. Frutiger's Petition was timely, and if not, the consequences of filing an untimely petition in an innocent spouse case. In response, the Commissioner argues that Mr. Frutiger's Petition was untimely and that the Court should dismiss his case for lack of jurisdiction. Mr. Frutiger acknowledges that his Petition was untimely but argues that the Court should hear his case on equitable grounds. The Center for Taxpayers Rights, as amicus curiae, submitted a brief in support of Mr. Frutiger arguing that the 90-day deadline for filing a petition under section 6015(e)(1)(A) is not jurisdictional.

*Discussion*

We must decide whether we have jurisdiction over Mr. Frutiger's Petition challenging the Commissioner's determination denying him innocent spouse relief for 2018. To answer this question, we must decide whether Congress clearly stated that the section 6015(e)(1)(A) deadline of 90 days within which to file a petition from a denial of innocent spouse relief is jurisdictional.

I.    *Background on the Tax Court's Jurisdiction*

Like other federal courts, the Tax Court is a court of limited jurisdiction and can exercise its jurisdiction only to the extent provided by Congress. I.R.C. § 7442; *Judge v. Commissioner*, 88 T.C. 1175, 1180–81 (1987). And of course, the Tax Court has jurisdiction to determine whether it has jurisdiction. *Bongam v. Commissioner*, 146 T.C. 52, 54 (2016); *Kluger v. Commissioner*, 83 T.C. 309, 314 (1984). Section 6015(e)(1)(A) confers jurisdiction on this Court to review a petition for innocent spouse relief if the taxpayer files that petition not later than 90 days after the Commissioner issues a final determination denying relief. I.R.C. § 6015(e)(1)(A)(ii); *Sutherland v. Commissioner*, 155 T.C. 95, 99 (2020). We must determine whether Congress authorized us to exercise jurisdiction over petitions for innocent spouse relief when the petition is not filed within the time limits prescribed by section 6015(e)(1)(A).

We have previously held that the 90-day deadline set forth in section 6015(e)(1)(A) is jurisdictional. *See Pollock v. Commissioner*, 132 T.C. 21 (2009). In *Pollock*, 132 T.C. at 30–31, we focused principally on the words of the statute in finding the petition deadline jurisdictional, noting that section 6015(e)(1)(A) specifically uses the word "jurisdiction." We also noted the similarity between section 6015(e)(1)(A)

and section 6330(d)(1), which we had previously held created a jurisdictional deadline for filing a petition to challenge a collection determination. *Pollock*, 132 T.C. at 31 (citing *Boyd v. Commissioner*, 124 T.C. 296, 303 (2005), *aff'd*, 451 F.3d 8 (1st Cir. 2006)).

But on April 21, 2022, the Supreme Court decided *Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493 (2022), holding that "[s]ection 6330(d)(1)'s 30-day time limit to file a petition for review of a collection due process determination is an ordinary, nonjurisdictional deadline subject to equitable tolling." *Id*. at 1501. The statute at issue in *Boechler* provided: "The person may, within 30 days of a determination under this section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)." I.R.C. § 6330(d)(1). The Supreme Court found the 30-day deadline nonjurisdictional because (1) the term "such matter" in the jurisdictional parenthetical lacked a clear antecedent thus creating many plausible interpretations for what it referred to; and (2) there are similar provisions in the Code that more clearly link a jurisdictional grant to a filing deadline. *Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1497–99.

In the light of new precedent, we must revisit our holding in *Pollock*. To the extent *Pollock* rested on our prior conclusion that section 6330(d)(1) sets forth a jurisdictional deadline, *Pollock* no longer rests on a sure foundation; that foundation was eroded by *Boechler*.

II.     *Whether Section 6015(e)(1)(A) Is Jurisdictional*

The Supreme Court has characterized filing deadlines as "quintessential claim-processing rules." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). Claim-processing rules are those that "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times," and courts generally do not treat them as jurisdictional. *Id*. However, this treatment is not absolute and can be rebutted. If Congress clearly states that a filing deadline is jurisdictional, then we must treat it as such. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006). Even so, in applying the clear statement rule, it has been "made plain that most time bars are nonjurisdictional." *United States v. Wong*, 575 U.S. 402, 410 (2015).

Under the clear statement rule, Courts cannot find a rule to be jurisdictional unless Congress made a clear statement that the "rule is jurisdictional; absent such a clear statement, . . . 'courts should treat the

restriction as nonjurisdictional in character.'" *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) (quoting *Arbaugh*, 546 U.S. at 516). To make a clear statement, Congress "need not use magic words." *Henderson*, 562 U.S. at 436. "But traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences." *Wong*, 575 U.S. at 410. Essentially, "the statement must indeed be clear; it is insufficient that a jurisdictional reading is 'plausible,' or even 'better,' than nonjurisdictional alternatives." *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 298 (2023) (quoting *Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1499).

To determine whether Congress made the necessary clear statement, we examine the "text, context, and relevant historical treatment" of the provision at issue. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010). However, the text is the most important factor. *See Organic Cannabis Found., LLC v. Commissioner*, No. 381-22L, 161 T.C., slip op. at 15 (Sept. 27, 2023) (citing *Wong*, 575 U.S. at 410).

A.     *Summary of the Parties' Arguments*

The Commissioner argues that the 90-day filing deadline of section 6015(e)(1)(A) is jurisdictional because Congress clearly stated that it was and the Supreme Court's decision in *Boechler*, in addition to numerous appellate cases, supports this argument. He further argues that *Pollock* should be upheld.

Mr. Frutiger and the amicus disagree, arguing that Congress failed to clearly state that the 90-day filing deadline is jurisdictional. Mr. Frutiger specifically argues that, as in *Boechler*, "[t]here is no clear statement that missing a filing deadline in as short as a few days defines [sic] the Tax Court cannot hear [his] case." Moreover, the amicus specifically argues that Congress failed to clearly state that the section 6015(e)(1)(A) deadline is jurisdictional because (1) there are multiple plausible interpretations of what the jurisdictional parenthetical in the provision could refer to; (2) the provision's statutory context suggests that the 90-day filing deadline is not jurisdictional; (3) the reasoning underlying our conclusion in *Pollock* in finding the provision jurisdictional does not hold up in the light of recent Supreme Court decisions, primarily *Boechler*; and (4) the three appellate opinions holding the section 6015(e)(1)(A) filing deadline jurisdictional are no longer good law after *Boechler*. For purposes of the pending Motion, we

will accept these latter two propositions and revisit the question of whether the section 6015(e)(1)(A) deadline is jurisdictional.

B. *Applying the Clear Statement Rule*

We must determine whether Congress clearly stated that the 90-day filing deadline of 6015(e)(1)(A) is jurisdictional. When determining whether Congress has made a clear statement, we examine the "text, context, and relevant historical treatment" of the provision at issue. *Reed Elsevier, Inc.*, 559 U.S. at 166. After reviewing the text and statutory context of section 6015(e)(1)(A), we conclude that the 90-day filing deadline of section 6015(e)(1)(A) is jurisdictional.

1. *The Text*

We will begin our analysis with the text of the provision. Section 6015(e) provides:

> (1) In general.—In the case of an individual against whom a deficiency has been asserted and who elects to have subsection (b) or (c) apply, or in the case of an individual who requests equitable relief under subsection (f)—
>> (A) In general.—In addition to any other remedy provided by law, the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section if such petition is filed—
>>> (i) at any time after the earlier of—
>>>> (I) the date the Secretary mails, by certified or registered mail to the taxpayer's last known address, notice of the Secretary's final determination of relief available to the individual, or
>>>> (II) the date which is 6 months after the date such election is filed or request is made with the Secretary, and
>>> (ii) not later than the close of the 90th day after the date described in clause (i)(I).

"Statutory interpretation begins with the text of the statute itself." *Blue Lake Rancheria v. United States*, 653 F.3d 1112, 1115 (9th

Cir. 2011). If the text is unambiguous, the statute must be enforced in accordance to its plain meaning. *See King v. Burwell*, 576 U.S. 473, 486 (2015); *Green v. Commissioner*, 707 F.2d 404, 405 (9th Cir. 1983). "[W]hen deciding whether the language is plain, we must read the words 'in their context and with a view to their place in the overall statutory scheme.'" *King*, 576 U.S. at 486 (quoting *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000)).

When we examine the text, it is apparent that Congress clearly stated that the 90-day filing deadline of section 6015(e)(1)(A) is jurisdictional. It provides that a "[taxpayer] may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief . . . *if* such petition is filed . . . not later than the close of the 90th day after the date described in clause (i)(I)." I.R.C. § 6015(e)(1)(A) (emphasis added). Section 6015(e)(1)(A) expressly provides "jurisdiction" with respect to the Tax Court's power to hear innocent spouse cases. And while this alone is not enough, *see Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493, there is a clear link between the parenthetical that contains the jurisdictional text and the 90-day filing deadline; the filing deadline reads as a prerequisite to the Tax Court's jurisdiction.

Mr. Frutiger and the amicus argue to the contrary, but their arguments are unpersuasive. First, they both assert that it is not clear what the jurisdictional parenthetical modifies and cite *Boechler* as support. Mr. Frutiger contends that we should follow the Supreme Court's ruling in *Boechler* because the jurisdictional parenthetical analyzed in *Boechler* is similar to the section 6015(e)(1)(A) jurisdictional parenthetical. The amicus contends that we should follow the ruling in *Boechler* because, in the amicus' view, the jurisdictional grant can be interpreted to modify many parts of the provision and not specifically the filing deadline. The amicus continues that, when there is ambiguity as to whether a filing deadline is jurisdictional, the clear statement rule is not satisfied.

While we agree that *Boechler* is relevant to our analysis, it is distinguishable from this case. In *Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1497, the Supreme Court's determination whether the statute at issue contained a clear statement focused on ambiguity in the reference intended by the phrase "such matter." Because the term was ambiguous, and there were multiple plausible interpretations of what Congress intended, the Supreme Court found that Congress did not clearly state that the filing deadline was jurisdictional. *Id.* at 1498. But

that is not the case here. On the basis of statutory interpretation principles, the jurisdictional parenthetical in section 6015(e)(1)(A) is unambiguous.[3] It does not contain any ambiguous terms such as "such matter," and there is a clear link between the jurisdictional parenthetical and the filing deadline. Specifically, section 6015(e)(1)(A) is a provision that solely sets forth deadlines. Reduced to its essential terms, it provides that an "individual may petition the Tax Court (and the Tax Court shall have jurisdiction) if such petition is filed" by a specified deadline.

The Supreme Court's opinion in *Boechler* expressly differentiated section 6015(e)(1)(A) from section 6330(d)(1). The Supreme Court specifically stated that section 6015(e)(1)(A) more clearly linked the jurisdictional grant to the filing deadline than did section 6330(d)(1). *Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1498–99. This statement supports a holding that *Boechler* is distinguishable and that section 6015(e)(1)(A) is jurisdictional. The amicus asserts that we cannot rely on the Supreme Court's comments regarding section 6015(e). While we cannot rely solely on the Supreme Court's statement in *Boechler*, it is relevant and can be given weight in analyzing issues. *See United States v. Montero-Carmargo*, 208 F.3d 1122, 1132 n.17 (9th Cir. 2000) ("Supreme Court dicta 'have a weight that is greater than ordinary judicial dicta as prophecy of what that Court might hold'; accordingly, we do 'not blandly shrug them off because they were not a holding.'" (quoting *Zal v. Steppe*, 968 F.2d 924, 935 (9th Cir. 1992) (Noonan, J., concurring in part, dissenting in part))). Like the Supreme Court, we view section 6330(d)(1) and the ultimate holding in *Boechler* as distinguishable from this case.

Second, the amicus asserts that a jurisdictional interpretation of the section 6015(e)(1)(A) filing deadline conflicts with the Supreme Court's holding in *Auburn*. In *Auburn*, 568 U.S. at 152, the Supreme Court had to determine whether a 180-day deadline to request a hearing with a review board to challenge reimbursement amounts under 42 U.S.C. § 1395oo(a)(3) was jurisdictional. It found the filing deadline to be nonjurisdictional because it did not speak in jurisdictional terms

---

[3] In this instance, we do not place any interpretive weight of Congress's placing the jurisdictional grant in a parenthetical. In *Boechler*, the Supreme Court noted that a parenthetical "is typically used to convey an 'aside' or 'afterthought.'" *Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1498 (citing Bryan A. Garner, *Modern English Usage* 1020 (4th ed. 2016)). But in the immediately subsequent paragraph, the Supreme Court cited the parenthetical of section 6015(e)(1)(A) for its relative clarity. *Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1498–99.

and it had even less of a jurisdictional tone than other provisions found to be nonjurisdictional. *Auburn*, 568 U.S. at 154. Additionally, in concluding that the provision was nonjurisdictional, the Supreme Court rejected a proximity-based argument. It found the filing deadline provision nonjurisdictional even though there were other conditions listed in the subsections of the same provision under consideration that it considered to be jurisdictional. *Id.* at 155.

The amicus argues that section 6015(e)(1)(A) is very similar to the provision the Supreme Court analyzed in *Auburn*. The amicus contends that the provisions are similar because both provisions "set out authority for a court to rule on certain issues if certain conditions are met." We disagree.

First, unlike the provision in *Auburn*, section 6015(e)(1)(A) speaks in jurisdictional terms and expressly refers to this Court's jurisdiction. Second, unlike the provision in *Auburn*, there is only one condition the taxpayer must satisfy in section 6015(e)(1)(A), which is the filing deadline. There are no conditions other than the filing deadline to which the jurisdictional text could refer. In contrast, the provision analyzed in *Auburn* had three conditions and there was ambiguity as to whether Congress intended the filing deadline to be amongst the conditions that were jurisdictional. That ambiguity led the Supreme Court to hold that the filing deadline was not jurisdictional. *See Auburn*, 568 U.S. at 155. Unlike the provision at issue in *Auburn*, Congress clearly stated that it intended for the section 6015(e)(1)(A) filing deadline to be jurisdictional.

The amicus also points to two other cases to support its argument that interpreting section 6015(e)(1)(A) as jurisdictional conflicts with court rulings. *See Weinberger v. Salfi*, 422 U.S. 749 (1975); *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935 (9th Cir. 2009). The amicus points to these two cases to make the unremarkable point that the proximity in the statute between a deadline and the jurisdictional grant is not dispositive. *Salfi*, 422 U.S. at 763–64; *Mangum*, 575 F.3d at 939–40; *see also Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1499 ("Rather than proximity, the important feature is the one that is missing here: a clear tie between the deadline and the jurisdictional grant."). Likewise, our conclusion that section 6015(e)(1)(A) is jurisdictional is predicated on the structure and text of the provision; namely whether there was a clear link between the filing deadline and the jurisdictional parenthetical. Our focus is not on the proximity between the jurisdictional parenthetical and the filing deadline.

The arguments put forth by Mr. Frutiger and the amicus are unpersuasive and do not alter our conclusion in finding the 90-day filing deadline of section 6015(e)(1)(A) jurisdictional. A plain reading of the text shows that there is a clear link between the jurisdictional parenthetical and the 90-day filing deadline. Furthermore, the Supreme Court's statement in *Boechler* providing that section 6015(e)(1)(A) more clearly links the jurisdictional grant to the deadline supports our conclusion.

### 2. *Analyzing the Statutory Context*

While we could end our analysis with the plain reading of the text, we will address the amicus' statutory context argument. The amicus argues that the statutory context suggests that the filing deadline of section 6015(e)(1)(A) is not jurisdictional because "(1) it is contained within a largely equitable innocent spouse relief scheme, (2) it is contained within a scheme that is unusually protective of taxpayers (who often have been victims of spousal abuse), and (3) it is, unusually, a deadline to file for review of an administrative determination in an Article I court." Although we agree with some of these points, they are not sufficient to overcome the clear statutory text of section 6015(e)(1)(A).

First, it is unclear what weight, if any, we should give to the equitable nature of section 6015. Relief under section 6015(f) is equitable. And section 6015(b) certainly contains an equitable component, in that relief is available for an understatement if "taking into account all the facts and circumstances, it is inequitable to hold the [innocent spouse] liable." I.R.C. § 6015(b)(1)(D). But this is merely one of several requirements to obtain relief under section 6015(b). And relief under section 6015(c) and (d) contains no equitable component; relief is based solely on detailed rules. The partial equitable nature of section 6015 is not enough to overcome the clear statutory text.

Second, it is likewise unclear what weight we should give the legislation surrounding the enactment of section 6015. The amicus cites *Henderson* as support for its argument that we should look to the protective nature of the enacting legislation. In *Henderson*, 562 U.S. at 441, the Supreme Court found a filing deadline nonjurisdictional in part because the provision "was enacted as part of the [Veterans' Judicial Review Act], and that legislation was decidedly favorable to veterans." Section 6015 was enacted as part of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA), Pub. L. No. 105-

206, 112 Stat. 685, as part of Title III of that act, labeled "Taxpayer Protection and Rights." Like *Henderson*, section 6015 was part of legislation that had taxpayer-favorable aspects to it. But just because section 6015 was enacted under taxpayer-favorable legislation does not mean that Congress intended for the filing deadline of section 6015(e)(1)(A) to be nonjurisdictional. As we have stated, section 6015 contains both equitable and nonequitable components. It being enacted under taxpayer-favorable legislation does not make every part of it equitable. Concluding that the filing deadline of section 6015(e)(1)(A) is nonjurisdictional because it was enacted under RRA Title III would require us to go against the clear statutory text and make statutory context the deciding factor. We decline to do so. Notably, the Supreme Court in *Boechler* did not put any weight on the fact that section 6330(d)(1) was enacted as part of RRA Title III in concluding that the 30-day filing deadline was nonjurisdictional. *See Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493. Thus, we give little weight to this argument and find it unpersuasive.

Lastly, the amicus argues that because section 6015(e)(1)(A) is "part of an Article I court's review of an administrative determination that is 'unusually protective' of the individuals seeking its benefits," that context indicates that the filing deadline should be held nonjurisdictional. Again, the amicus cites *Henderson* as support. In *Henderson*, the Supreme Court also looked to the "characteristics of the review scheme that Congress created for the adjudication of veterans' benefits claims" to help determine whether Congress intended for the filing deadline to be jurisdictional. *Henderson*, 562 U.S. at 440. In examining the review scheme, the Supreme Court noted stark differences between ordinary civil litigation and the system Congress created to adjudicate veterans' benefits claims, stating that unlike ordinary civil litigation,

> a veteran seeking benefits need not file an initial claim within any fixed period after the alleged onset of disability or separation from service. When a claim is filed, proceedings before the VA are informal and nonadversarial. The VA is charged with the responsibility of assisting veterans in developing evidence that supports their claims, and in evaluating that evidence, the VA must give the veteran the benefit of any doubt. If a veteran is unsuccessful before a regional office, the veteran may obtain *de novo* review before the Board, and if the veteran loses before the Board, the veteran can obtain further

review in the Veterans Court. A Board decision in the veteran's favor, on the other hand, is final. And even if a veteran is denied benefits after exhausting all avenues of administrative and judicial review, a veteran may reopen a claim simply by presenting "new and material evidence."

*Id.* at 440–41. On the basis of this review scheme, the Supreme Court concluded that "[r]igid jurisdictional treatment of the . . . period for filing a notice of appeal in the Veterans Court would clash sharply with this [pro-veteran] scheme" and thus found the filing deadline nonjurisdictional. *Id.* at 441.

The amicus contends that the review schemes for innocent spouse and veteran benefit claims are similar in that "rigid treatment of the 90-day innocent spouse judicial review filing deadline would also clash sharply with the administrative scheme for applying for § 6015 relief" and, therefore, should be treated similarly by finding this filing deadline nonjurisdictional. But we disagree. While there are a few similarities in the schemes, overall they are different. The process for receiving innocent spouse relief is not informal and has rigid steps. Therefore, finding the filing deadline of section 6015(e)(1)(A) jurisdictional does not clash sharply with the innocent spouse relief process created by Congress. We find this argument unpersuasive.

The amicus' statutory context arguments are not strong enough to overcome the statutory text. We thus conclude that the filing deadline of section 6015(e)(1)(A) is jurisdictional.

III.    *Conclusion*

The 90-day filing deadline of section 6015(e)(1)(A) is jurisdictional. Because Mr. Frutiger failed to file his Petition within 90 days of his Notice of Determination, his Petition is untimely and we do not have jurisdiction to hear his case.

To reflect the foregoing,

*An appropriate order will be issued.*